# Exhibit A

**(Immediately Follows This Page)**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

-------------------------------------------------------------------x

159 BROADWAY 1 LLC,

Plaintiff,

-against-

WB BRIDGE HOTEL LLC, YITZCHOK HAGER, SHIFRA HAGER, 159 BROADWAY MEZZ LLC, SIMPSON GUMPERTZ & HEGER INC., PRIME MIX CORP., SUB ENTERPRISES INC. and "JOHN DOE #1 through JOHN DOE #12", the last twelve names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest upon the premises described in the Complaint,

Defendants.

-------------------------------------------------------------------x

Index No:

Date Purchased:

Plaintiff designates Kings county as the place of trial

**SUMMONS**

The basis of the venue is the location of the mortgaged premises.

Plaintiff's place of business is:
c/o Madison Realty Capital
520 Madison Avenue, Suite 3501
New York, NY 10022

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**PLEASE TAKE NOTICE**, that this is an action to foreclose three (3) mortgage(s): (i) Consolidated, Amended and Restated Mortgage and Security Agreement (the "Land Mortgage") in the principal amount of Twenty One Thousand Three Hundred Fifty Thousand and 00/100 ($21,350,000.00) Dollars; (ii) Building Loan Mortgage and Security Agreement (the "Building Mortgage") in the principal amount of Two Million Two Hundred Eighty Thousand Nine Hundred Ninety Eight and 31/100 ($2,280,998.31) Dollars; and (iii) Project Loan Mortgage and Security Agreement (the "Project Mortgage") in the principal amount of Three Hundred Sixty Nine Thousand and One and 69/100 ($369,001.69) Dollars, all encumbering the real property

1

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM

NYSCEF DOC. NO. 1

INDEX NO. 513660/2020

RECEIVED NYSCEF: 07/29/2020

20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 3 of 47

commonly known as: **159 Broadway, Brooklyn, NY 11211 (Block: 2457, Lot(s): 34 and 9039)**
(the "Property"), situated in Kings County.  This is a commercial foreclosure action.  The object
of this action is to obtain a judgment of foreclosure and sale.

20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 4 of 47

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION
OBTAINED WILL BE USED IN CONNECTION THEREWITH.**

Dated:   New York, New York
         July 28, 2020

                                        **KRISS & FEUERSTEIN LLP**
                                        *Attorneys for Plaintiff*


                                        By: */s/ Jerold C. Feuerstein*
                                          Jerold C. Feuerstein, Esq.
                                          360 Lexington Avenue, Suite 1200
                                          New York, New York 10017
                                          (212) 661-2900

TO:

WB BRIDGE HOTEL LLC (serve via Sectary of State)
3839 Flatlands Avenue, Suite 206
Brooklyn, NY 11234

YITZCHOK HAGER
75 Huntington Street
Brooklyn, NY 11231

SHIFRA HAGER
75 Huntington Street
Brooklyn, NY 11231

159 BROADWAY MEZZ LLC (serve via Sectary of State)
225 Broadway, 32nd floor
New York, NY 10007

SIMPSON GUMPERTZ & HEGER INC. (serve via Sectary of State)
550 Seventh Avenue
New York, NY 10018

PRIME MIX CORP. (serve via Sectary of State)
470 Scott Avenue
Brooklyn, NY 11222

SUB ENTERPRISES INC. (serve via Sectary of State)
435 Bellvalle Road
Chester, NY 10918

3

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM INDEX NO. 513660/2020

NYSCEF DOC. NO. 1    20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit    RECEIVED NYSCEF: 07/29/2020
A_S&C_exhibits omitted    Pg 5 of 47

<u>All tenants at the Property:</u>
"John Doe #1 through John Doe # 12"
**159 Broadway, Brooklyn, NY 11211 (Block: 2457, Lot(s): 34 and 9039)**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

-------------------------------------------------------------------------x

159 BROADWAY 1 LLC,

                          Plaintiff,

        -against-

WB BRIDGE HOTEL LLC, YITZCHOK HAGER,
SHIFRA HAGER, 159 BROADWAY MEZZ LLC,
SIMPSON GUMPERTZ & HEGER INC., PRIME MIX
CORP., SUB ENTERPRISES INC. and "JOHN DOE #1
through JOHN DOE #12", the last twelve names being
fictitious and unknown to Plaintiff, the persons or parties
intended being the tenants, occupants, persons or
corporations, if any, having or claiming an interest upon the
premises described in the Complaint,

                         Defendants.

-------------------------------------------------------------------------x

**Index No.**

**Date Filed:**

**VERIFIED COMPLAINT
IN A FORECLOSURE
ACTION**

Plaintiff, by its attorneys, Kriss & Feuerstein LLP complaining of defendants, respectfully alleges upon information and belief as follows:

## AS AND FOR A FIRST CAUSE OF ACTION
## LAND LOAN

    1.    The Plaintiff, 159 BROADWAY 1 LLC (the "Plaintiff"), a Delaware limited liability company, has its principal place of business c/o Madison Realty Capital, 520 Madison Avenue, Suite 3501, New York, NY 10022, and is authorized to conduct business in the State of New York.

    2.    On or about the following date, the following named obligor, for the purpose of evidencing an indebtedness in the following amount and interest, duly executed, acknowledged and delivered to the following named obligee the following instrument, a true and correct copy of which is hereto annexed and marked **Exhibit "A"** with the same force and effect as if set forth at length herein:

1

20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 7 of 47

| | |
|---|---|
| **INSTRUMENT:** | **Consolidated, Amended and Restated Note (the "Land Loan Note")** |
| **DATE:** | **as of June 18, 2019** |
| **OBLIGOR:** | **WB BRIDGE HOTEL LLC (the "Borrower"), a New York limited liability, having an address at 75 Huntington Street, Brooklyn, NY 11231** |
| **OBLIGEE:** | **159 BROADWAY 1 LLC (the "Lender")** |
| **AMOUNT:** | **$21,350,000.00 (the "Land Loan")** |

3.      For the purpose of securing payment for the said indebtedness, as more fully set forth in said Land Loan Note, the Borrower, as mortgagor, on or about said date executed, acknowledged and delivered to Lender, as mortgagee, a certain Consolidated, Amended and Restated Mortgage and Security Agreement (the "Land Loan Mortgage"), which is hereto annexed and marked as **Exhibit "B"**, with the same force and effect as if set forth at length herein, wherein and whereby said Borrower, as mortgagor, mortgaged to Lender, as mortgagee, certain real property situated in the County of Kings and commonly known as: **159 Broadway, Brooklyn, NY 11211 (Block: 2457, Lot(s): 34 and 9039)** the "Property"), as more particularly described in said Land Loan Mortgage.  A schedule setting forth the existing mortgage(s) which were consolidated, amended and modified by the Mortgage and the pertinent recording information is annexed hereto as **Exhibit "C"**.

4.      The Land Loan Mortgage was duly recorded as follows in the office for the recording of mortgages in the county in which said Property was then, and is now, situated, and the recording data is as follows:

| | |
|---|---|
| **RECORDED IN OFFICE OF** | **Office of the City Register of the City of New York, County of Kings (the "Register's Office")** |
| **DATE OF RECORDING:** | **July 5, 2019** |
| **CRFN NO.:** | **2019000210728** |

2

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
NYSCEF DOC. NO. 1
INDEX NO. 513660/2020
RECEIVED NYSCEF: 07/29/2020
20-23288-shl   Doc 65-1   Filed 06/04/21   Entered 06/04/21 11:27:50   Exhibit
A_S&C_exhibits omitted   Pg 8 of 47

5.      Any applicable recording tax was duly paid at the time of recording of the Land Loan Mortgage.

6.      As further security for the indebtedness of the Land Loan Note, on or about June 18, 2019, YITZCHOK HAGER and SHIFRA HAGER (collectively, the "Guarantor"), jointly, severally, individually, duly executed, acknowledged and delivered to Lender, a certain Guaranty (the "Land Loan Guaranty"), wherein the Guarantor, absolutely and unconditionally guaranteed the performance and repayment of all sums due under the Land Loan, as more particularly described therein.  A true and correct copy of the Land Guaranty is annexed hereto as **Exhibit "D"**.

7.      To further induce Lender, on or about June 18, 2019, Guarantor, jointly, severally, individually, duly executed, acknowledged and delivered to Lender, a certain Conditional Guaranty (the "Land Loan Conditional Guaranty"), wherein the Guarantor, unconditionally guaranteed the performance and repayment of certain losses incurred by the Lender, as more particularly described therein.  A true and correct copy of the Land Loan Conditional Guaranty is annexed hereto as **Exhibit "E"**.

8.      To further induce Lender, on or about June 18, 2019, Guarantor, jointly, severally, individually, duly executed, acknowledged and delivered to Lender, a certain Debt Service and Carry Guaranty (the "Land Loan Debt Service Guaranty"), wherein the Guarantor, unconditionally guaranteed the performance and repayment of all costs incurred in connection with the operation, maintenance and management of the Property, as more particularly described therein.  A true and correct copy of the Land Loan Debt Service Guaranty is annexed hereto as **Exhibit "F"**.

9.      To further induce Lender, on or about June 18, 2019, Guarantor, jointly, severally, individually, duly executed, acknowledged and delivered to Plaintiff, that certain Guaranty of Completion (the "Land Loan Guaranty of Completion"), wherein Guarantor, absolutely and unconditionally guaranteed the performance by Borrower of all the terms and provisions of the Land Loan pertaining to Borrower's obligations, as more particularly described therein.  A true and correct copy of the Guaranty of Completion is annexed hereto as **Exhibit "G"**.

10.     On or about November 1, 2019, Borrower and Plaintiff agreed to amend the Land Loan Note pursuant to that certain First Amendment to Consolidated, Amended and Restated Note (the "Amendment to Land Loan Note").  The terms and conditions of the Amendment to Land Loan Note are more particularly described therein.  A true and correct copy of the Amendment to Land Loan Note is annexed hereto as **Exhibit "H"**.

11.     The Land Loan Note, Land Loan Mortgage, Land Loan Guaranty, Land Loan Conditional Guaranty, Land Loan Debt Service Guaranty, Land Loan Completion Guaranty, Amendment to Land Loan Note together with all other documents and/or agreements that were executed and/or delivered in connection with the Land Loan, are herein collectively referred to as (the "Land Loan Documents").

12.     Plaintiff, is the owner and holder of the Land Loan Documents and any and all other documents evidencing the Land Loan and/or that were delivered and/or executed in connection with the Land Loan as such may have thereafter been modified or amended and Plaintiff, is entitled to enforce its rights under the Land Loan Documents.

13.     The Land Loan Mortgage provides in Section 21 as follows:

**Events of Default.**

"The Debt shall become immediately due and payable at the option of Mortgagee upon any one or more of the following events (each being an **"Event of Default"**,

4

and, collectively, **"Events of Default"**):

(a) if any portion of the Debt is not paid within five (5) days of when the same is due and payable (excepting the portion of the Debt due on the Maturity Date as to which Section 21(p) shall govern

(p) if any portion of the Debt is not paid on the Maturity Date"

14.     The Land Loan Mortgage further provides in Section 21 as follows:

**Events of Default.**

"The Debt shall become immediately due and payable at the option of Mortgagee upon any one or more of the following events (each being an **"Event of Default"**, and, collectively, **"Events of Default"**):

(b) if any of the Taxes or Other Charges are not paid when the same are due and payable"

15.     Additionally, in Section 21 of the Land Loan Mortgage provides as follows:

**Events of Default.**

"The Debt shall become immediately due and payable at the option of Mortgagee upon any one or more of the following events (each being an **"Event of Default"**, and, collectively, **"Events of Default"**):

(i) if the Mortgaged Property becomes subject to any mechanic's, materialman's liens or other lien other than a lien for local real estate taxes and assessments not then due and payable and such lien shall remain undischarged of record (by payment, bonding or otherwise) within thirty (30) days"

16.     The Land Loan Note provides in Paragraph 5 as follows:

"Upon the occurrence of an Event of Default: (a) interest shall accrue hereunder at the Default Rate prior to and subsequent to the entry of a Judgment of Foreclosure and Sale, (b) Payee may, at its option, without any written notice given to the Maker (such notice being expressly waived), DECLARE AND DEMAND this Note and the Debt immediately due and payable and (c) Payee may pursue all rights and remedies available hereunder or under Mortgage and the Other Security Documents..."

17.     Section 22 of the Land Loan Mortgage provides as follows:

## Remedies of Mortgagee.

"(a) Upon the occurrence of any Event of Default, (x) Mortgagor will pay, from the date of that Event of Default, and until the entire Debt is paid in full, whether prior to or subsequent to the entry of a judgment of foreclosure and sale and the satisfaction of any deficiency judgment, interest on the unpaid principal balance of the Note at the rate of twenty-four percent (24%) per annum or at the maximum interest rate which Mortgagor may by law pay, whichever is lower, (the **"Default Rate");** and (y) Mortgagee may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Mortgagor and in and to the Mortgaged Property by Mortgagee itself or otherwise, including, without limitation, the following actions, each of which may be pursued concurrently or otherwise, at such time and in such order as Mortgagee may determine, in its sole discretion, without impairing or otherwise affecting the other rights and remedies of Mortgagee:

(i) declare the entire Debt to be immediately due and payable;

(ii) institute a proceeding or proceedings, judicial or nonjudicial, by advertisement or otherwise, for the complete foreclosure of this Mortgage in which case the Mortgaged Property or any interest therein may be sold for cash or upon credit in one or more parcels or in several interests or portions and in any order or manner; notwithstanding the foregoing, upon default of the Mortgage or the Note, or other obligation secured thereby, Mortgagee shall have the right to sell the Mortgaged Property by power of sale hereby granted pursuant to Article 14 of the New York Real Property Actions and Proceedings Law or any other statute authorizing nonjudicial foreclosure"

18.    Events of Default have occurred under the Land Loan Documents. Specifically, the Borrower has failed to comply with the terms and provisions of the Land Loan Documents, for, among other things, (i) failure to pay the real estate taxes due on January 1, 2020 and July 1, 2020 (the "Land Loan Tax Default"); and (ii) failure to pay the monthly interest payment due on April 1, 2020 and every subsequent payment thereafter, in accordance with the terms of the Land Loan Documents (the "Land Loan Payment Default" and together with the Land Loan Tax Default, collectively, the "Land Loan Event of Default").

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
NYSCEF DOC. NO. 1
20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 12 of 47
INDEX NO. 513660/2020
RECEIVED NYSCEF: 07/29/2020

19.     All obligations of the Borrower to Lender under the Land Loan Documents are due and owing and payable in full from the date of the Land Loan Tax Default (the "Land Loan Tax Default Date"), and interest has been accruing on the Land Loan at the Default Rate from the earliest occurring Land Loan Event of Default.

20.     As more particularly set forth in that certain notice dated June 16, 2020 (the "Default Notice"), amongst other things, the Borrower was advised of the Land Loan Event of Default under the Land Loan Documents.  A duly executed true and correct copy of the Default Notice is annexed hereto as **Exhibit "I"**.

21.     Subsequent to the Default Notice, Plaintiff has discovered additional Events of Default which exist under the Land Loan Documents. More specifically Borrower's failure to discharge and/or bond each of the following mechanic's liens in accordance with the terms and conditions of the Land Loan Documents: (i) mechanics lien docketed on December 5, 2019 in control no. 003916400-01 by Simpson Gumpertz & Heger Inc., lienor, against the Property in the amount of $33,620.22 (the "First Mechanic's Lien Default"), (ii) mechanics lien docketed on May 19, 2020 in control no. 003941759-01 by Prime Mix Corp., lienor, against the Property in the amount of $55,177.87 (the "Second Mechanic's Lien Default"); (iii) mechanics lien docketed on March 18, 2020 in control no. 003940028-01 by Sub Enterprises Inc., lienor, against the Property in the amount of $276,962.27 (the "Third Mechanic's Lien Default" and together with the First Mechanic's Lien and Second Mechanic's Lien, collectively, the "Mechanic's Lien Default").

22.     The Land Loan matured on July 1, 2020 (the "Land Loan Maturity Date").

23.     A further event of default exists under the Land Loan Documents; Borrower has failed and omitted to pay the entire debt which came due and owing on the Land Loan Maturity

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
NYSCEF DOC. NO. 1
INDEX NO. 513660/2020
RECEIVED NYSCEF: 07/29/2020
20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 13 of 47

Date (the "Land Loan Maturity Default"), also constituting an event of default as defined in the

Land Loan Documents

24.    By reason of the foregoing Land Loan Event of Default and the Mechanic's Lien

Default under the Land Loan Documents, the Land Loan was accelerated and demand was made

for immediate payment in full of all obligations of the Borrower under the Land Loan

Documents by that certain acceleration letter (the "Acceleration Letter"), dated July 22, 2020, a

true and correct copy is annexed hereto was **Exhibit "J"** and by reason thereof, the Land Loan is

now immediately due and payable in full with interest accrued thereon, and other fees and

charges due in connection therewith and is now immediately due and payable in full.

25.    Under the terms and conditions of the Land Loan Documents, the following

amounts are now due and owing:

| | |
|---|---|
| **UNPAID PRINCIPAL BALANCE:** | **$21,350,000.00** |
| **INTEREST ON THE UNPAID PRINCIPAL BALANCE:** | **At the Default Rate of 24.00% per annum from the earliest Land Loan Event of Default and thereafter.** |

26.    The Land Loan was made to a commercial entity, was not incurred for personal,

family or household purposes and the Borrower does not reside at the Property.  As a result, the

Borrower is not entitled to a 90-day notice and is not entitled to the settlement conference

required under C.P.L.R. § 3408.

27.    **YITZCHOK HAGER**, is made a necessary party defendant to this action by

virtue of the fact that he jointly, severally, individually: (i) personally guaranteed all the

obligations due under the Land Loan Note and the Land Loan Mortgage, as evidenced by the

duly executed Land Loan Guaranty annexed hereto as **Exhibit "D"**; (ii) personally,

unconditionally guaranteed the performance and repayment of certain losses incurred by the

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
NYSCEF DOC. NO. 1
INDEX NO. 513660/2020
RECEIVED NYSCEF: 07/29/2020

20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 14 of 47

Lender under the Land Loan Note and the Land Loan Mortgage, as evidenced by the duly executed Land Loan Conditional Guaranty annexed hereto as **Exhibit "E"**; (iii) personally, unconditionally guaranteed the performance and repayment of all costs incurred in connection with the operation, maintenance and management of the Property, as evidenced by the Land Loan Debt Service Guaranty annexed hereto as **Exhibit "F";** and (iv) personally guaranteed the performance by Borrower of all the terms and provisions of the Land Loan pertaining to Borrower's obligations, as evidenced by the duly executed Land Loan Guaranty of Completion annexed hereto as **Exhibit "G".**

28.    **SHIFRA HAGER**, is made a necessary party defendant to this action by virtue of the fact that he jointly, severally, individually: (i) personally guaranteed all the obligations due under the Land Loan Note and the Land Loan Mortgage, as evidenced by the duly executed Land Loan Guaranty annexed hereto as **Exhibit "D"**; (ii) personally, unconditionally guaranteed the performance and repayment of certain losses incurred by the Lender under the Land Loan Note and the Land Loan Mortgage, as evidenced by the duly executed Land Loan Conditional Guaranty annexed hereto as **Exhibit "E"**; (iii) personally, unconditionally guaranteed the performance and repayment of all costs incurred in connection with the operation, maintenance and management of the Property, as evidenced by the Land Loan Debt Service Guaranty annexed hereto as **Exhibit "F";** and (iv) personally guaranteed the performance by Borrower of all the terms and provisions of the Land Loan pertaining to Borrower's obligations, as evidenced by the duly executed Land Loan Guaranty of Completion annexed hereto as **Exhibit "G".**

29.    **159 BROADWAY MEZZ LLC**, is made a necessary party defendant to this action, for the purpose of seeking surplus rights by virtue that it holds a Junior Mortgage and

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
INDEX NO. 513660/2020
NYSCEF DOC. NO. 1
20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 15 of 47
RECEIVED NYSCEF: 07/29/2020

Security Agreement, in the amount of $3,500,000.00, dated November 1, 2019 and recorded on

November 15, 2019 in the Register's Office under CRFN: 2019000373433.

30.     **SIMPSON GUMPERTZ & HEGER INC.,** is made a necessary party defendant

to this action, to bar it from enforcing any right, title or interest it may have in the Property or

some part thereof, by virtue of a mechanic's lien mechanics lien docketed on December 5, 2019

in control no. 003916400-01 against the Property in the amount of $33,620.22 in the Office of

the Kings County Clerk.

31.     **PRIME MIX CORP.,** is made a necessary party defendant to this action, to bar it

from enforcing any right, title or interest it may have in the Property or some part thereof, by

virtue of a mechanic's lien docketed on May 19, 2020 in control no. 003941759-01 against the

Property in the amount of $55,177.87, in the Office of the Kings County Clerk.

32.     **SUB ENTERPRISES INC.,** is made a necessary party defendant to this action,

to bar it from enforcing any right, title or interest it may have in the Property or some part

thereof, by virtue of a mechanic's lien docketed on March 18, 2020 in control no. 003940028-01,

against the Property in the amount of $276,962.27, in the Office of the Kings County Clerk.

33.     No other action or proceeding has been commenced or maintained or is now

pending at law or otherwise for the foreclosure of said Land Mortgage or to recover the amounts

due under the Land Note.

34.     Each of the above-named defendant(s) has or claims to have or may claim to have

some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has

accrued subsequent to, and is subject and subordinate to, the lien of the Land Loan Mortgage.

35.     Upon information and belief, the John Doe Defendants are persons, parties,

corporations or other entities, if any who are presently unknown to Plaintiff, holding or claiming

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
NYSCEF DOC. NO. 1

INDEX NO. 513660/2020
RECEIVED NYSCEF: 07/29/2020

20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 16 of 47

to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including partnership interests, in and to any judgment or liens upon the Property.

36.    Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said Property should be sold subject to the following:

(a)    Any state of facts that an inspection of the Property would disclose.

(b)    Any state of facts that an accurate survey of the Property would show.

(c)    Covenants, restrictions, easements and public utility agreements of record, if any.

(d)    Building and zoning ordinances of the municipality in which the mortgaged Property is located and possible violations of same.

(e)    Any rights of tenants or persons in possession of the subject Property.

(f)    Any equity of redemption of the United States of America to redeem the Property within 120 days from date of sale.

(g)    Prior mortgage liens of record held by and any advances and arrears thereunder.

(h)    Prior lien(s) of record, if any.

37.    In the event that Plaintiff possesses any other lien(s) against said Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

38.    Plaintiff believes that during the pendency of this action, in order to protect the security of the within Land Loan Mortgage, it may be compelled to make advances to prior

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
NYSCEF DOC. NO. 1
INDEX NO. 513660/2020
RECEIVED NYSCEF: 07/29/2020
20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 17 of 47

mortgagees, for installments of principal and interest if any, taxes, assessments, water rates, and/or insurance premiums that are or may become due or to the receiver of taxes, or to the insurance company, which advances are to be included in the balance due to Plaintiff, plus interest, as provided for in the within Land Loan Mortgage foreclosed and deemed further secured thereby.

39.    Plaintiff has not and shall not be deemed to have waived, altered, released or changed the election to accelerate the full debt by reason of any payment after the date of the commencement of this action or any or all of the defaults mentioned herein and such election shall continue and remain effective until the costs and disbursements of this action and all sums due on the Land Loan Note and Land Loan Mortgage are fully paid.

## AS AND FOR A SECOND CAUSE OF ACTION
## BUILDING LOAN

40.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through and including "39" of the Complaint.

41.    On or about the following date, the Borrower, for the purpose of evidencing an indebtedness in the following amount and interest, duly executed, acknowledged and delivered to the Lender the following instrument, a true and correct copy of which is hereto annexed and marked **Exhibit "K"** with the same force and effect as if set forth at length herein:

| | |
|---|---|
| **INSTRUMENT:** | **Building Loan Note (the "Building Loan Note")** |
| **DATE:** | **as of November 1, 2019** |
| **OBLIGOR:** | **Borrower** |
| **OBLIGEE:** | **Lender** |
| **AMOUNT:** | **$2,280,998.31 (the "Building Loan")** |

42.     For the purpose of securing payment for the said indebtedness, as more fully set forth in said Building Loan Note, the Borrower, as mortgagor, on or about said date executed, acknowledged and delivered to Lender, as mortgagee, a certain Building Loan Mortgage (the "Building Loan Mortgage"), which is hereto annexed and marked as **Exhibit "L"**, with the same force and effect as if set forth at length herein, wherein and whereby said Borrower, as mortgagor, mortgaged to Lender, as mortgagee, the Property, as more particularly described in said Building Loan Mortgage.

43.     The Building Loan Mortgage was duly recorded in the Register's Office, and the recording data is as follows:

**DATE OF RECORDING:**          **November 15, 2019**
**CRFN NO.:**                   **2019000373427**

44.     Any applicable recording tax was duly paid at the time of recording of the Building Loan Mortgage.

45.     In further connection with the Building Loan, on or about November 1, 2019, the Borrower, duly acknowledged and delivered to Plaintiff that certain Building Loan Agreement in the amount of $2,280,998.31 (the "Building Loan Agreement").  Said Building Loan Agreement was docketed on November 8, 2019 as Control No.: 003907289-01, which is hereto annexed and marked as **Exhibit "M".**  The terms, conditions and provisions of the Building Loan Agreement are more particularly described therein.

46.     As further security for the indebtedness of the Building Loan Note, on or about November 1, 2019, the Guarantor, jointly, severally, individually, duly executed, acknowledged and delivered to Lender, a certain Guaranty (the "Building Loan Guaranty"), wherein the Guarantor, absolutely and unconditionally guaranteed the performance and repayment of all

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
NYSCEF DOC. NO. 1
20-23288-shl   Doc 65-1   Filed 06/04/21   Entered 06/04/21 11:27:50   Exhibit
A_S&C_exhibits omitted   Pg 19 of 47
INDEX NO. 513660/2020
RECEIVED NYSCEF: 07/29/2020

sums due under the Building Loan, as more particularly described therein. A true and correct copy of the Building Loan Guaranty is annexed hereto as **Exhibit "N"**.

47.    To further induce Lender, on or about November 1, 2019, Guarantor, jointly, severally, individually, duly executed, acknowledged and delivered to Lender, a certain Conditional Guaranty (the "Building Loan Conditional Guaranty"), wherein the Guarantor, unconditionally guaranteed the performance and repayment of certain losses incurred by the Lender, as more particularly described therein. A true and correct copy of the Building Loan Conditional Guaranty is annexed hereto as **Exhibit "O"**.

48.    To further induce Lender, on or about November 1, 2019, Guarantor, jointly, severally, individually, duly executed, acknowledged and delivered to Lender, a certain Debt Service and Carry Guaranty (the "Building Loan Debt Service Guaranty"), wherein the Guarantor, unconditionally guaranteed the performance and repayment of all costs incurred in connection with the operation, maintenance and management of the Property, as more particularly described therein. A true and correct copy of the Building Loan Debt Service Guaranty is annexed hereto as **Exhibit "P"**.

49.    To further induce Lender, on or about November 1, 2019, Guarantor, jointly, severally, individually, duly executed, acknowledged and delivered to Plaintiff, that certain Guaranty of Completion (the "Building Loan Guaranty of Completion"), wherein Guarantor, absolutely and unconditionally guaranteed the performance by Borrower of all the terms and provisions of the Building Loan pertaining to Borrower's obligations, as more particularly described therein. A true and correct copy of the Building Loan Guaranty of Completion is annexed hereto as **Exhibit "Q"**.

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
NYSCEF DOC. NO. 1
INDEX NO. 513660/2020
RECEIVED NYSCEF: 07/29/2020

20-23288-shl   Doc 65-1   Filed 06/04/21   Entered 06/04/21 11:27:50   Exhibit
A_S&C_exhibits omitted   Pg 20 of 47

50.     The Building Loan Note, Building Loan Mortgage, Building Loan Agreement, Building Loan Guaranty, Building Loan Conditional Guaranty, Building Loan Debt Service Guaranty, Building Loan Completion Guaranty together with all other documents and/or agreements that were executed and/or delivered in connection with the Building Loan, are herein collectively referred to as (the "Building Loan Documents").

51.     Plaintiff, is the owner and holder of the Building Loan Documents and any and all other documents evidencing the Building Loan and/or that were delivered and/or executed in connection with the Building Loan as such may have thereafter been modified or amended and Plaintiff, is entitled to enforce its rights under the Building Loan Documents.

52.     The Building Loan Mortgage provides in Section 21 as follows:

**Events of Default.**

"The Debt shall become immediately due and payable at the option of Mortgagee upon any one or more of the following events (each being an **"Event of Default"**, and, collectively, **"Events of Default"**):

(a) if any portion of the Debt is not paid within five (5) days of when the same is due and payable (excepting the portion of the Debt due on the Maturity Date as to which Section 21(p) shall govern

(p) if any portion of the Debt is not paid on the Maturity Date"

53.     The Building Loan Mortgage further provides in Section 21 as follows:

**Events of Default.**

"The Debt shall become immediately due and payable at the option of Mortgagee upon any one or more of the following events (each being an **"Event of Default"**, and, collectively, **"Events of Default"**):

(b) if any of the Taxes or Other Charges are not paid when the same are due and payable"

54.     Additionally, in Section 21 of the Building Loan Mortgage provides as follows:

15

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
INDEX NO. 513660/2020
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 07/29/2020

20-23288-shl   Doc 65-1   Filed 06/04/21   Entered 06/04/21 11:27:50   Exhibit
A_S&C_exhibits omitted   Pg 21 of 47

**Events of Default.**

"The Debt shall become immediately due and payable at the option of Mortgagee upon any one or more of the following events (each being an **"Event of Default"**, and, collectively, **"Events of Default"**):

(i) if the Mortgaged Property becomes subject to any mechanic's, materialman's liens or other lien other than a lien for local real estate taxes and assessments not then due and payable and such lien shall remain undischarged of record (by payment, bonding or otherwise) within thirty (30) days"

55.    The Building Loan Note provides in Paragraph 5 as follows:

"Upon the occurrence of an Event of Default: (a) interest shall accrue hereunder at the Default Rate prior to and subsequent to the entry of a Judgment of Foreclosure and Sale, (b) Payee may, at its option, without any written notice given to the Maker (such notice being expressly waived), DECLARE AND DEMAND this Note and the Debt immediately due and payable and (c) Payee may pursue all rights and remedies available hereunder or under Mortgage and the Other Security Documents…"

56.    Section 22 of the Building Loan Mortgage provides as follows:

**Remedies of Mortgagee.**

"(a) Upon the occurrence of any Event of Default, (x) Mortgagor will pay, from the date of that Event of Default, and until the entire Debt is paid in full, whether prior to or subsequent to the entry of a judgment of foreclosure and sale and the satisfaction of any deficiency judgment, interest on the unpaid principal balance of the Note at the rate of twenty-four percent (24%) per annum or at the maximum interest rate which Mortgagor may by law pay, whichever is lower, (the **"Default Rate");** and (y) Mortgagee may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Mortgagor and in and to the Mortgaged Property by Mortgagee itself or otherwise, including, without limitation, the following actions, each of which may be pursued concurrently or otherwise, at such time and in such order as Mortgagee may determine, in its sole discretion, without impairing or otherwise affecting the other rights and remedies of Mortgagee:

(i) declare the entire Debt to be immediately due and payable;

(ii) institute a proceeding or proceedings, judicial or nonjudicial,

16

by advertisement or otherwise, for the complete foreclosure of this Mortgage in which case the Mortgaged Property or any interest therein may be sold for cash or upon credit in one or more parcels or in several interests or portions and in any order or manner; notwithstanding the foregoing, upon default of the Mortgage or the Note, or other obligation secured thereby, Mortgagee shall have the right to sell the Mortgaged Property by power of sale hereby granted pursuant to Article 14 of the New York Real Property Actions and Proceedings Law or any other statute authorizing nonjudicial foreclosure"

57.    Section 60 the Building Loan Mortgage, entitled "**Cross-Default**" provides as

follows:

(e) "A Default or an Event of Default under the Note, this Mortgage or the Other Security Documents described herein shall also constitute a Default or an Event of Default under the Other Mortgage and the Mezzanine Loan Agreement."

(f) "A Default or an Event of Default under the Other Mortgage or the Mezzanine Loan Agreement shall also constitute a Default or an Event of Default under the Note, this Mortgage or the Other Security Documents described herein."

58.    Events of Default have occurred under the Building Loan Documents. Specifically, the Borrower has failed to comply with the terms and provisions of the Building Loan Documents, for, among other things, (i) failure to pay the real estate taxes due on January 1, 2020 and July 1, 2020 (the "Building Loan Tax Default"); and (ii) failure to pay the monthly interest payment due on April 1, 2020 and every subsequent payment thereafter, in accordance with the terms of the Building Loan Documents (the "Building Loan Payment Default" and together with the Building Loan Tax Default, collectively, the "Building Loan Event of Default").

59.    All obligations of the Borrower to Lender under the Building Loan Documents are due and owing and payable in full from the date of the Building Loan Tax Default (the

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
INDEX NO. 513660/2020

NYSCEF DOC. NO. 1
20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 23 of 47
RECEIVED NYSCEF: 07/29/2020

"Building Loan Tax Default Date"), and interest has been accruing on the Building Loan at the Default Rate from the earliest occurring Building Loan Event of Default.

60.    As more particularly set forth in that certain Default Notice, amongst other things, the Borrower was advised of the Building Event of Default under the Building Loan Documents. A duly executed true and correct copy of the Default Notice is annexed hereto as **Exhibit "I".**

61.    Subsequent to the Default Notice, Plaintiff has discovered additional Events of Default which exist under the Building Loan Documents, more specifically Borrower's failure to discharge and/or bond the Mechanic's Lien Default in accordance with the terms and conditions of the Building Loan Documents.

62.    Additionally, an event of default exists in connection with the aforementioned cross-default provision.  Pursuant to the cross-default provision, the Other Mortgage is in default as alleged in paragraphs 18, 19, 21 and 23 of the Complaint (the "Building Loan Cross-Default").

63.    The Building Loan matured on July 1, 2020 (the "Building Loan Maturity Date").

64.    A further event of default exists under the Building Loan Documents; Borrower has failed and omitted to pay the entire debt which came due and owing on the Building Loan Maturity Date (the "Building Loan Maturity Default"), also constituting an event of default as defined in the Building Loan Documents.

65.    By reason of the foregoing Building Loan Event of Default, the Mechanic's Lien Default under the Building Loan Documents, the Building Loan Cross-Default, the Building Loan was accelerated and demand was made for immediate payment in full of all obligations of the Borrower under the Land Loan Documents by that certain acceleration letter (the "Acceleration Letter"), dated July 22, 2020, a true and correct copy is annexed hereto was

**Exhibit "J"** and by reason thereof, the Land Loan is now immediately due and payable in full with interest accrued thereon, and other fees and charges due in connection therewith and is now immediately due and payable in full.

66.    Under the terms and conditions of the Building Loan Documents, the following amounts are now due and owing:

| | |
|---|---|
| **UNPAID PRINCIPAL BALANCE:** | **$2,280,998.31** |
| **INTEREST ON THE UNPAID PRINCIPAL BALANCE:** | **At the Default Rate of 24.00% per annum from the earliest Building Loan Event of Default and thereafter.** |

67.    The Building Loan was made to a commercial entity, was not incurred for personal, family or household purposes and the Borrower does not reside at the Property.  As a result, the Borrower is not entitled to a 90-day notice and is not entitled to the settlement conference required under C.P.L.R. § 3408.

68.    **YITZCHOK HAGER**, is made a necessary party defendant to this action by virtue of the fact that he jointly, severally, individually: (i) personally guaranteed all the obligations due under the Building Loan Note and the Building Loan Mortgage, as evidenced by the duly executed Building Loan Guaranty annexed hereto as **Exhibit "N"**; (ii) personally, unconditionally guaranteed the performance and repayment of certain losses incurred by the Lender under the Building Loan Note and the Building Loan Mortgage, as evidenced by the duly executed Building Loan Conditional Guaranty annexed hereto as **Exhibit "O"**; (iii) personally, unconditionally guaranteed the performance and repayment of all costs incurred in connection with the operation, maintenance and management of the Property, as evidenced by the Building Loan Debt Service Guaranty annexed hereto as **Exhibit "P";** and (iv) personally guaranteed the performance by Borrower of all the terms and provisions of the Building Loan pertaining to

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
NYSCEF DOC. NO. 1
INDEX NO. 513660/2020
RECEIVED NYSCEF: 07/29/2020

20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 25 of 47

Borrower's obligations, as evidenced by the duly executed Building Loan Guaranty of Completion annexed hereto as **Exhibit "Q"**.

69.    **SHIFRA HAGER**, is made a necessary party defendant to this action by virtue of the fact that he jointly, severally, individually: (i) personally guaranteed all the obligations due under the Building Loan Note and the Building Loan Mortgage, as evidenced by the duly executed Building Loan Guaranty annexed hereto as **Exhibit "N"**; (ii) personally, unconditionally guaranteed the performance and repayment of certain losses incurred by the Lender under the Building Loan Note and the Building Loan Mortgage, as evidenced by the duly executed Building Loan Conditional Guaranty annexed hereto as **Exhibit "O"**; (iii) personally, unconditionally guaranteed the performance and repayment of all costs incurred in connection with the operation, maintenance and management of the Property, as evidenced by the Building Loan Debt Service Guaranty annexed hereto as **Exhibit "P"**; and (iv) personally guaranteed the performance by Borrower of all the terms and provisions of the Building Loan pertaining to Borrower's obligations, as evidenced by the duly executed Building Loan Guaranty of Completion annexed hereto as **Exhibit "Q"**.

70.    **159 BROADWAY MEZZ LLC**, is made a necessary party defendant to this action, for the purpose of seeking surplus rights by virtue that it holds a Junior Mortgage and Security Agreement, in the amount of $3,500,000.00, dated November 1, 2019 and recorded on November 15, 2019 in the Register's Office under CRFN: 2019000373433.

71.    **SIMPSON GUMPERTZ & HEGER INC.,** is made a necessary party defendant to this action, to bar it from enforcing any right, title or interest it may have in the Property or some part thereof, by virtue of a mechanic's lien mechanics lien docketed on December 5, 2019

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
INDEX NO. 513660/2020
NYSCEF DOC. NO. 1
20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 26 of 47
RECEIVED NYSCEF: 07/29/2020

in control no. 003916400-01 against the Property in the amount of $33,620.22 in the Office of the Kings County Clerk.

72.    **PRIME MIX CORP.,** is made a necessary party defendant to this action, to bar it from enforcing any right, title or interest it may have in the Property or some part thereof, by virtue of a mechanic's lien docketed on May 19, 2020 in control no. 003941759-01 against the Property in the amount of $55,177.87, in the Office of the Kings County Clerk.

73.    **SUB ENTERPRISES INC.,** is made a necessary party defendant to this action, to bar it from enforcing any right, title or interest it may have in the Property or some part thereof, by virtue of a mechanic's lien docketed on March 18, 2020 in control no. 003940028-01, against the Property in the amount of $276,962.27, in the Office of the Kings County Clerk.

74.    No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Building Loan Mortgage or to recover the amounts due under the Building Loan Note.

75.    Each of the above-named defendant(s) has or claims to have or may claim to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Building Loan Mortgage.

76.    Upon information and belief, the John Doe Defendants are persons, parties, corporations or other entities, if any who are presently unknown to Plaintiff, holding or claiming to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including partnership interests, in and to any judgment or liens upon the Property.

77.    Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said Property should be sold subject to the following:

(i)    Any state of facts that an inspection of the Property would disclose.

21

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
INDEX NO. 513660/2020
NYSCEF DOC. NO. 1
20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 27 of 47
RECEIVED NYSCEF: 07/29/2020

(j)     Any state of facts that an accurate survey of the Property would show.

(k)     Covenants, restrictions, easements and public utility agreements of record, if any.

(l)     Building and zoning ordinances of the municipality in which the mortgaged Property is located and possible violations of same.

(m)    Any rights of tenants or persons in possession of the subject Property.

(n)     Any equity of redemption of the United States of America to redeem the Property within 120 days from date of sale.

(o)     Prior mortgage liens of record held by and any advances and arrears thereunder.

(p)     Prior lien(s) of record, if any.

78.     In the event that Plaintiff possesses any other lien(s) against said Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

79.     Plaintiff believes that during the pendency of this action, in order to protect the security of the within Building Loan Mortgage, it may be compelled to make advances to prior mortgagees, for installments of principal and interest if any, taxes, assessments, water rates, and/or insurance premiums that are or may become due or to the receiver of taxes, or to the insurance company, which advances are to be included in the balance due to Plaintiff, plus interest, as provided for in the within Building Loan Mortgage foreclosed and deemed further secured thereby.

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
INDEX NO. 513660/2020
NYSCEF DOC. NO. 1
20-23288-shl   Doc 65-1   Filed 06/04/21   Entered 06/04/21 11:27:50   Exhibit
RECEIVED NYSCEF: 07/29/2020
A_S&C_exhibits omitted   Pg 28 of 47

80.    Plaintiff has not and shall not be deemed to have waived, altered, released or changed the election to accelerate the full debt by reason of any payment after the date of the commencement of this action or any or all of the defaults mentioned herein and such election shall continue and remain effective until the costs and disbursements of this action and all sums due on the Building Loan Note and Building Loan Mortgage are fully paid.

## AS AND FOR A THIRD CAUSE OF ACTION
## PROJECT LOAN

81.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through and including "80" of the Complaint.

82.    On or about the following date, the Borrower, for the purpose of evidencing an indebtedness in the following amount and interest, duly executed, acknowledged and delivered to the Lender the following instrument, a true and correct copy of which is hereto annexed and marked **Exhibit "R"** with the same force and effect as if set forth at length herein:

| | |
|---|---|
| **INSTRUMENT:** | **Project Loan Note (the "Project Loan Note")** |
| **DATE:** | **as of November 1, 2019** |
| **OBLIGOR:** | **Borrower** |
| **OBLIGEE:** | **Lender** |
| **AMOUNT:** | **$369,001.69 (the "Project Loan")** |

83.    For the purpose of securing payment for the said indebtedness, as more fully set forth in said Project Loan Note, the Borrower, as mortgagor, on or about said date executed, acknowledged and delivered to Lender, as mortgagee, a certain Project Loan Mortgage and Security Agreement (the "Project Loan Mortgage"), which is hereto annexed and marked as **Exhibit "S"**, with the same force and effect as if set forth at length herein, wherein and whereby

23

said Borrower, as mortgagor, mortgaged to Lender, as mortgagee, the Property, as more particularly described in said Project Loan Mortgage.

84. The Project Loan Mortgage was duly recorded in the Register's Office, and the recording data is as follows:

**DATE OF RECORDING:**      **November 15, 2019**

**CRFN NO.:**      **2019000373430**

85. Any applicable recording tax was duly paid at the time of recording of the Project Loan Mortgage.

86. In further connection with the Project Loan, on or about November 1, 2019, the Borrower, duly acknowledged and delivered to Plaintiff that certain Project Loan Agreement in the amount of $369,001.69 (the "Project Loan Agreement"). Said Project Loan Agreement is hereto annexed and marked as **Exhibit "T"**. The terms, conditions and provisions of the Project Loan Agreement are more particularly described therein.

87. The Project Loan Note, Project Loan Mortgage, Project Loan Agreement together with all other documents and/or agreements that were executed and/or delivered in connection with the Project Loan, are herein collectively referred to as (the "Project Loan Documents").

88. Plaintiff, is the owner and holder of the Project Loan Documents and any and all other documents evidencing the Project Loan and/or that were delivered and/or executed in connection with the Project Loan as such may have thereafter been modified or amended and Plaintiff, is entitled to enforce its rights under the Project Loan Documents.

89. The Project Loan Mortgage provides in Section 21 as follows:

**Events of Default.**

"The Debt shall become immediately due and payable at the option of Mortgagee upon any one or more of the following events (each being an **"Event of Default"**,

24

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
NYSCEF DOC. NO. 1

INDEX NO. 513660/2020
RECEIVED NYSCEF: 07/29/2020

20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 30 of 47

and, collectively, **"Events of Default"**):

> (a) if any portion of the Debt is not paid within five (5) days of when the same is due and payable (excepting the portion of the Debt due on the Maturity Date as to which Section 21(p) shall govern"

90.     The Project Loan Mortgage further provides in Section 21 as follows:

## Events of Default.

"The Debt shall become immediately due and payable at the option of Mortgagee upon any one or more of the following events (each being an **"Event of Default"**, and, collectively, **"Events of Default"**):

> (b) if any of the Taxes or Other Charges are not paid when the same are due and payable"

91.     Additionally, in Section 21 of the Project Loan Mortgage provides as follows:

## Events of Default.

"The Debt shall become immediately due and payable at the option of Mortgagee upon any one or more of the following events (each being an **"Event of Default"**, and, collectively, **"Events of Default"**):

> (i) if the Mortgaged Property becomes subject to any mechanic's, materialman's liens or other lien other than a lien for local real estate taxes and assessments not then due and payable and such lien shall remain undischarged of record (by payment, bonding or otherwise) within thirty (30) days"

92.     The Project Loan Note provides in Paragraph 5 as follows:

> "Upon the occurrence of an Event of Default: (a) interest shall accrue hereunder at the Default Rate prior to and subsequent to the entry of a Judgment of Foreclosure and Sale, (b) Payee may, at its option, without any written notice given to the Maker (such notice being expressly waived), DECLARE AND DEMAND this Note and the Debt immediately due and payable and (c) Payee may pursue all rights and remedies available hereunder or under Mortgage and the Other Security Documents…"

93.     Section 22 of the Project Loan Mortgage provides as follows:

## Remedies of Mortgagee.

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
NYSCEF DOC. NO. 1
INDEX NO. 513660/2020
RECEIVED NYSCEF: 07/29/2020

20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 31 of 47

"(a) Upon the occurrence of any Event of Default, (x) Mortgagor will pay, from the date of that Event of Default, and until the entire Debt is paid in full, whether prior to or subsequent to the entry of a judgment of foreclosure and sale and the satisfaction of any deficiency judgment, interest on the unpaid principal balance of the Note at the rate of twenty-four percent (24%) per annum or at the maximum interest rate which Mortgagor may by law pay, whichever is lower, (the **"Default Rate");** and (y) Mortgagee may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Mortgagor and in and to the Mortgaged Property by Mortgagee itself or otherwise, including, without limitation, the following actions, each of which may be pursued concurrently or otherwise, at such time and in such order as Mortgagee may determine, in its sole discretion, without impairing or otherwise affecting the other rights and remedies of Mortgagee:

(i) declare the entire Debt to be immediately due and payable;

(ii) institute a proceeding or proceedings, judicial or nonjudicial, by advertisement or otherwise, for the complete foreclosure of this Mortgage in which case the Mortgaged Property or any interest therein may be sold for cash or upon credit in one or more parcels or in several interests or portions and in any order or manner; notwithstanding the foregoing, upon default of the Mortgage or the Note, or other obligation secured thereby, Mortgagee shall have the right to sell the Mortgaged Property by power of sale hereby granted pursuant to Article 14 of the New York Real Property Actions and Proceedings Law or any other statute authorizing nonjudicial foreclosure"

94.    Section 60 the Project Loan Mortgage, entitled "**Cross-Default**" provides as

follows:

(e) "A Default or an Event of Default under the Note, this Mortgage or the Other Security Documents described herein shall also constitute a Default or an Event of Default under the Other Mortgage and the Mezzanine Loan Agreement."

(f) "A Default or an Event of Default under the Other Mortgage or the Mezzanine Loan Agreement shall also constitute a Default or an Event of Default under the Note, this Mortgage or the Other Security Documents described herein."

26

95.    Events of Default have occurred under the Project Loan Documents.  Specifically, the Borrower has failed to comply with the terms and provisions of the Project Loan Documents, for, among other things, (i) failure to pay the real estate taxes due on January 1, 2020 and July 1, 2020 (the "Project Loan Tax Default"); and (ii) failure to pay the monthly interest payment due on April 1, 2020 and every subsequent payment thereafter, in accordance with the terms of the Project Loan Documents (the "Project Loan Payment Default" and together with the Project Loan Tax Default, collectively, the "Project Loan Event of Default").

96.    All obligations of the Borrower to Lender under the Project Loan Documents are due and owing and payable in full from the date of the Project Loan Tax Default (the "Project Loan Tax Default Date"), and interest has been accruing on the Project Loan at the Default Rate from the earliest occurring Project Loan Event of Default.

97.    As more particularly set forth in that certain Default Notice, amongst other things, the Borrower was advised of the Project Loan Event of Default under the Project Loan Documents.  A duly executed true and correct copy of the Default Notice is annexed hereto as **Exhibit "I".**

98.    Subsequent to the Default Notice, Plaintiff has discovered additional Events of Default which exist under the Project Loan Documents, more specifically Borrower's failure to discharge and/or bond the Mechanic's Lien Default in accordance with the terms and conditions of the Project Loan Documents.

99.    Additionally, an event of default exists in connection with the aforementioned cross-default provision.  Pursuant to the cross-default provision, the Other Mortgage is in default as alleged in paragraphs 58,59 and 61 of the Complaint (the "Project Loan Cross-Default").

100.    The Project Loan matured on July 1, 2020 (the "Project Loan Maturity Date").

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
INDEX NO. 513660/2020
NYSCEF DOC. NO. 1
20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 33 of 47
RECEIVED NYSCEF: 07/29/2020

101.    A further event of default exists under the Project Loan Documents; Borrower has failed and omitted to pay the entire debt which came due and owing on the Project Loan Maturity Date (the "Project Loan Maturity Default"), also constituting an event of default as defined in the Project Loan Documents.

102.    By reason of the foregoing Project Loan Event of Default, the Mechanic's Lien Default under the Project Loan Documents, the Project Loan Cross-Default, the Project Loan was accelerated and demand was made for immediate payment in full of all obligations of the Borrower under the Land Loan Documents by that certain acceleration letter (the "Acceleration Letter"), dated July 22, 2020, a true and correct copy is annexed hereto was **Exhibit "J"** and by reason thereof, the Land Loan is now immediately due and payable in full with interest accrued thereon, and other fees and charges due in connection therewith and is now immediately due and payable in full.

103.    Under the terms and conditions of the Project Loan Documents, the following amounts are now due and owing:

**UNPAID PRINCIPAL BALANCE:**    **$369,001.69**

**INTEREST ON THE UNPAID**    **At the Default Rate of 24.00% per annum**
**PRINCIPAL BALANCE:**    **from the earliest Project Event of Default**
    **and thereafter.**

104.    The Project Loan was made to a commercial entity, was not incurred for personal, family or household purposes and the Borrower does not reside at the Property. As a result, the Borrower is not entitled to a 90-day notice and is not entitled to the settlement conference required under C.P.L.R. § 3408.

105.    **YITZCHOK HAGER**, is made a necessary party defendant to this action by virtue of the fact that he jointly, severally, individually: (i) personally guaranteed all the

28

obligations due under the Land Loan Note and the Land Loan Mortgage, as evidenced by the duly executed Land Loan Guaranty annexed hereto as **Exhibit "D"**; (ii) personally, unconditionally guaranteed the performance and repayment of certain losses incurred by the Lender under the Land Loan Note and the Land Loan Mortgage, as evidenced by the duly executed Land Loan Conditional Guaranty annexed hereto as **Exhibit "E"**; (iii) personally, unconditionally guaranteed the performance and repayment of all costs incurred in connection with the operation, maintenance and management of the Property, as evidenced by the Land Loan Debt Service Guaranty annexed hereto as **Exhibit "F";** (iv) personally guaranteed the performance by Borrower of all the terms and provisions of the Land Loan pertaining to Borrower's obligations, as evidenced by the duly executed Land Loan Guaranty of Completion annexed hereto as **Exhibit "G";** (v) personally guaranteed all the obligations due under the Building Loan Note and the Building Loan Mortgage, as evidenced by the duly executed Building Loan Guaranty annexed hereto as **Exhibit "N"**; (vi) personally, unconditionally guaranteed the performance and repayment of certain losses incurred by the Lender under the Building Loan Note and the Building Loan Mortgage, as evidenced by the duly executed Building Loan Conditional Guaranty annexed hereto as **Exhibit "O"**; (vii) personally, unconditionally guaranteed the performance and repayment of all costs incurred in connection with the operation, maintenance and management of the Property, as evidenced by the Building Loan Debt Service Guaranty annexed hereto as **Exhibit "P";** and (viii) personally guaranteed the performance by Borrower of all the terms and provisions of the Building Loan pertaining to Borrower's obligations, as evidenced by the duly executed Building Loan Guaranty of Completion annexed hereto as **Exhibit "Q".**

106.    **SHIFRA HAGER**, is made a necessary party defendant to this action by virtue of the fact that he jointly, severally, individually: (i) personally guaranteed all the obligations due under the Land Loan Note and the Land Loan Mortgage, as evidenced by the duly executed Land Loan Guaranty annexed hereto as **Exhibit "D"**; (ii) personally, unconditionally guaranteed the performance and repayment of certain losses incurred by the Lender under the Land Loan Note and the Land Loan Mortgage, as evidenced by the duly executed Land Loan Conditional Guaranty annexed hereto as **Exhibit "E"**; (iii) personally, unconditionally guaranteed the performance and repayment of all costs incurred in connection with the operation, maintenance and management of the Property, as evidenced by the Land Loan Debt Service Guaranty annexed hereto as **Exhibit "F"**; (iv) personally guaranteed the performance by Borrower of all the terms and provisions of the Land Loan pertaining to Borrower's obligations, as evidenced by the duly executed Land Loan Guaranty of Completion annexed hereto as **Exhibit "G"**; (v) personally guaranteed all the obligations due under the Building Loan Note and the Building Loan Mortgage, as evidenced by the duly executed Building Loan Guaranty annexed hereto as **Exhibit "N"**; (vi) personally, unconditionally guaranteed the performance and repayment of certain losses incurred by the Lender under the Building Loan Note and the Building Loan Mortgage, as evidenced by the duly executed Building Loan Conditional Guaranty annexed hereto as **Exhibit "O"**; (vii) personally, unconditionally guaranteed the performance and repayment of all costs incurred in connection with the operation, maintenance and management of the Property, as evidenced by the Building Loan Debt Service Guaranty annexed hereto as **Exhibit "P"**; and (viii) personally guaranteed the performance by Borrower of all the terms and provisions of the Building Loan pertaining to Borrower's obligations, as evidenced by the duly executed Building Loan Guaranty of Completion annexed hereto as **Exhibit "Q"**.

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
INDEX NO. 513660/2020
NYSCEF DOC. NO. 1
20-23288-shl   Doc 65-1   Filed 06/04/21   Entered 06/04/21 11:27:50   Exhibit
RECEIVED NYSCEF: 07/29/2020
A_S&C_exhibits omitted   Pg 36 of 47

107.   **159 BROADWAY MEZZ LLC,** is made a necessary party defendant to this action, for the purpose of seeking surplus rights by virtue that it holds a Junior Mortgage and Security Agreement, in the amount of $3,500,000.00, dated November 1, 2019 and recorded on November 15, 2019 in the Register's Office under CRFN: 2019000373433.

108.   **SIMPSON GUMPERTZ & HEGER INC.,** is made a necessary party defendant to this action, to bar it from enforcing any right, title or interest it may have in the Property or some part thereof, by virtue of a mechanic's lien mechanics lien docketed on December 5, 2019 in control no. 003916400-01 against the Property in the amount of $33,620.22 in the Office of the Kings County Clerk.

109.   **PRIME MIX CORP.,** is made a necessary party defendant to this action, to bar it from enforcing any right, title or interest it may have in the Property or some part thereof, by virtue of a mechanic's lien docketed on May 19, 2020 in control no. 003941759-01 against the Property in the amount of $55,177.87, in the Office of the Kings County Clerk.

110.   **SUB ENTERPRISES INC.,** is made a necessary party defendant to this action, to bar it from enforcing any right, title or interest it may have in the Property or some part thereof, by virtue of a mechanic's lien docketed on March 18, 2020 in control no. 003940028-01, against the Property in the amount of $276,962.27, in the Office of the Kings County Clerk.

111.   No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Project Loan Mortgage or to recover the amounts due under the Project Loan Note.

112.   Each of the above-named defendant(s) has or claims to have or may claim to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Project Loan Mortgage.

113.    Upon information and belief, the John Doe Defendants are persons, parties, corporations or other entities, if any who are presently unknown to Plaintiff, holding or claiming to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including partnership interests, in and to any judgment or liens upon the Property.

114.    Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said Property should be sold subject to the following:

(q)    Any state of facts that an inspection of the Property would disclose.

(r)    Any state of facts that an accurate survey of the Property would show.

(s)    Covenants, restrictions, easements and public utility agreements of record, if any.

(t)    Building and zoning ordinances of the municipality in which the mortgaged Property is located and possible violations of same.

(u)    Any rights of tenants or persons in possession of the subject Property.

(v)    Any equity of redemption of the United States of America to redeem the Property within 120 days from date of sale.

(w)    Prior mortgage liens of record held by and any advances and arrears thereunder.

(x)    Prior lien(s) of record, if any.

115.    In the event that Plaintiff possesses any other lien(s) against said Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

32

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
INDEX NO. 513660/2020
NYSCEF DOC. NO. 1
20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 38 of 47
RECEIVED NYSCEF: 07/29/2020

116.    Plaintiff believes that during the pendency of this action, in order to protect the security of the within Project Loan Mortgage, it may be compelled to make advances to prior mortgagees, for installments of principal and interest if any, taxes, assessments, water rates, and/or insurance premiums that are or may become due or to the receiver of taxes, or to the insurance company, which advances are to be included in the balance due to Plaintiff, plus interest, as provided for in the within Project Loan Mortgage foreclosed and deemed further secured thereby.

117.    Plaintiff has not and shall not be deemed to have waived, altered, released or changed the election to accelerate the full debt by reason of any payment after the date of the commencement of this action or any or all of the defaults mentioned herein and such election shall continue and remain effective until the costs and disbursements of this action and all sums due on the Project Loan Note and Project Loan Mortgage are fully paid.

## AS AND FOR A FOURTH CAUSE OF ACTION

118.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through and including "117" of the Complaint.

119.    **YITZCHOK HAGER**, an individual having an address at 75 Huntington Street, Brooklyn, NY 11231, jointly, severally, individually executed that certain: (i) Land Guaranty dated June 18, 2019, as additional security for the repayment of the sums due under the Land Loan Note, whereby individually, absolutely and unconditionally guaranteed: (a) the repayment of all sums due under the Land Loan, as more particularly described therein; and (b) the performance of any and all obligations of Borrower under the Land Loan, as more particularly described therein, and annexed hereto as **Exhibit "D"**; (ii) Land Loan Conditional Guaranty dated June 18, 2019, as additional security for the repayment of the sums due under the Land

33

Loan Note, whereby individually, absolutely and unconditionally guaranteed personally, the performance and repayment of certain losses incurred by the Lender under the Land Loan Note and the Land Loan Mortgage, as more particularly described therein, and annexed hereto as **Exhibit "E"**; (iii) Land Loan Debt Service Guaranty dated June 18, 2019, as additional security for the repayment of the sums due under the Land Loan Note, whereby individually, absolutely and unconditionally guaranteed personally the performance and repayment of all costs incurred in connection with the operation, maintenance and management of the Property, as more particularly described therein, and annexed hereto as **Exhibit "F"**; (iv) Land Loan Guaranty of Completion dated June 18, 2019, as additional security for the repayment of the sums due under the Land Loan Note, whereby individually, absolutely and unconditionally guaranteed personally the performance by Borrower of all the terms and provisions of the Land Loan pertaining to Borrower's obligations, as more particularly described therein, and annexed hereto as **Exhibit "G"**; (v) Building Loan Guaranty dated November 1, 2019, as additional security for the repayment of the sums due under the Building Loan Note, whereby individually, absolutely and unconditionally guaranteed: (a) the repayment of all sums due under the Building Loan, as more particularly described therein; and (b) the performance of any and all obligations of Borrower under the Building Loan, as more particularly described therein, and annexed hereto as **Exhibit "N"**; (vi) Building Loan Conditional Guaranty dated November 1, 2019, as additional security for the repayment of the sums due under the Building Loan Note, whereby individually, absolutely and unconditionally guaranteed personally, the performance and repayment of certain losses incurred by the Lender under the Building Loan Note and the Building Loan Mortgage, as more particularly described therein, and annexed hereto as **Exhibit "O"**; (vii) Building Loan Debt Service Guaranty dated November 1, 2019, as additional security for the repayment of the

34

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
NYSCEF DOC. NO. 1
INDEX NO. 513660/2020
RECEIVED NYSCEF: 07/29/2020

20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 40 of 47

sums due under the Building Loan Note, whereby individually, absolutely and unconditionally guaranteed personally the performance and repayment of all costs incurred in connection with the operation, maintenance and management of the Property, as more particularly described therein, and annexed hereto as **Exhibit "P";** and (viii) Building Loan Guaranty of Completion dated November 1, 2019, as additional security for the repayment of the sums due under the Building Loan Note, whereby individually, absolutely and unconditionally guaranteed personally the performance by Borrower of all the terms and provisions of the Building Loan pertaining to Borrower's obligations, as more particularly described therein, and annexed hereto as **Exhibit "Q".**

120.    **SHIFRA HAGER**, an individual having an address at 75 Huntington Street, Brooklyn, NY 11231, jointly, severally, individually executed that certain: (i) Land Guaranty dated June 18, 2019, as additional security for the repayment of the sums due under the Land Loan Note, whereby individually, absolutely and unconditionally guaranteed: (a) the repayment of all sums due under the Land Loan, as more particularly described therein; and (b) the performance of any and all obligations of Borrower under the Land Loan, as more particularly described therein, and annexed hereto as **Exhibit "D";** (ii) Land Loan Conditional Guaranty dated June 18, 2019, as additional security for the repayment of the sums due under the Land Loan Note, whereby individually, absolutely and unconditionally guaranteed personally, the performance and repayment of certain losses incurred by the Lender under the Land Loan Note and the Land Loan Mortgage, as more particularly described therein, and annexed hereto as **Exhibit "E";** (iii) Land Loan Debt Service Guaranty dated June 18, 2019, as additional security for the repayment of the sums due under the Land Loan Note, whereby individually, absolutely and unconditionally guaranteed personally the performance and repayment of all costs incurred

in connection with the operation, maintenance and management of the Property, as more particularly described therein, and annexed hereto as **Exhibit "F"**; (iv) Land Loan Guaranty of Completion dated June 18, 2019, as additional security for the repayment of the sums due under the Land Loan Note, whereby individually, absolutely and unconditionally guaranteed personally the performance by Borrower of all the terms and provisions of the Land Loan pertaining to Borrower's obligations, as more particularly described therein, and annexed hereto as **Exhibit "G"**; (v) Building Loan Guaranty dated November 1, 2019, as additional security for the repayment of the sums due under the Building Loan Note, whereby individually, absolutely and unconditionally guaranteed: (a) the repayment of all sums due under the Building Loan, as more particularly described therein; and (b) the performance of any and all obligations of Borrower under the Building Loan, as more particularly described therein, and annexed hereto as **Exhibit "N"**; (vi) Building Loan Conditional Guaranty dated November 1, 2019, as additional security for the repayment of the sums due under the Building Loan Note, whereby individually, absolutely and unconditionally guaranteed personally, the performance and repayment of certain losses incurred by the Lender under the Building Loan Note and the Building Loan Mortgage, as more particularly described therein, and annexed hereto as **Exhibit "O"**; (vii) Building Loan Debt Service Guaranty dated November 1, 2019, as additional security for the repayment of the sums due under the Building Loan Note, whereby individually, absolutely and unconditionally guaranteed personally the performance and repayment of all costs incurred in connection with the operation, maintenance and management of the Property, as more particularly described therein, and annexed hereto as **Exhibit "P"**; and (viii) Building Loan Guaranty of Completion dated November 1, 2019, as additional security for the repayment of the sums due under the Building Loan Note, whereby individually, absolutely and unconditionally guaranteed personally

the performance by Borrower of all the terms and provisions of the Building Loan pertaining to Borrower's obligations, as more particularly described therein, and annexed hereto as **Exhibit "Q"**.

121.    By reason of the foregoing Land Loan Guaranty, Land Loan Conditional Guaranty, Loan Debt Service Guaranty, Land Loan Completion Guaranty, Building Loan Guaranty, Building Loan Conditional Guaranty, Building Debt Service Guaranty and Building Loan Completion Guaranty, Plaintiff reserves the right to seek a deficiency judgment pursuant to Real Property Actions and Proceedings Law § 1371, jointly, several, individually, against **YITZCHOK HAGER and SHIFRA HAGER**, to the extent of the liability under the Land Loan Guaranty, Land Loan Conditional Guaranty, Loan Debt Service Guaranty, Land Loan Completion Guaranty, Building Loan Guaranty, Building Loan Conditional Guaranty, Building Debt Service Guaranty and Building Loan Completion Guaranty, as applicable, upon the completion the foreclosure action.

## AS AND FOR A FIFTH CAUSE OF ACTION

122.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through and including "121" of the Complaint.

123.    To further secure the Land Loan Note, Lender perfected a security interest against the personal property situated at the Property by filing a UCC-1 Financing Statement with the Register's Office, which was recorded with the Register's Office on July 5, 2019 under CRFN: 2019000210730 (the "Land Loan UCC-1"). A true and correct copy of the Land Loan UCC-1 is annexed hereto as **Exhibit "U"**.

124.    To further secure the Building Loan Note, Lender perfected a security interest against the personal property situated at the Property by filing a UCC-1 Financing Statement

37

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
NYSCEF DOC. NO. 1

INDEX NO. 513660/2020

RECEIVED NYSCEF: 07/29/2020

20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 43 of 47

with the Register's Office, which was recorded with the Register's Office on November 15, 2019 under CRFN: 2019000373429 (the "Building Loan UCC-1"). A true and correct copy of the Building Loan UCC-1 is annexed hereto as **Exhibit "V"**.

125. To further secure the Project Loan Note, Lender perfected a security interest against the personal property situated at the Property by filing a UCC-1 Financing Statement with the Register's Office, which was recorded with the Register's Office on November 15, 2019 under CRFN: 2019000373432 (the "Project Loan UCC-1"). A true and correct copy of the Project Loan UCC-1 is annexed hereto as **Exhibit "W"**.

126. By reason of the default(s) under the Land Loan Documents, Building Loan Documents and the Project Loan Documents the obligations have become due and payable and Plaintiff is seeking foreclosure of the personal property located at the Property.

**WHEREFORE**, the Plaintiff demands judgment that the defendant and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said Property and each and every part and parcel thereof; that the said Property may be decreed to be sold in one or more parcels, according to law, subject to the terms set forth in Paragraph **36** in the First Cause of Action in the Complaint, Paragraph **77** in the Second Cause of Action in the Complaint and Paragraph **114** in the Third Cause of Action in the Complaint; that the monies arising from the sale thereof may be brought into Court; that the Plaintiff may be paid the amount due on the Land Loan Note and Land Loan Mortgage as hereinbefore set forth in the First Cause of Action, Building Loan Note and Building Loan Mortgage as hereinbefore set forth in the Second Cause of Action and the Project Loan Note and Project Loan Mortgage as hereinbefore set forth in the

38

Third Cause of Action, as consolidated into one Judgment of Foreclosure and Sale with interest

and late charges to the time of such payment and prepayment penalty and the expenses of such

sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of

this action, and together with any sums incurred by Plaintiff pursuant to any terms or provisions

of the Land Loan Note, Building Loan Note, Project Loan Note, Land Loan Mortgage, Building

Loan Mortgage and the Project Loan Mortgage set forth in this Complaint, or to protect the lien

of Plaintiff's Building Loan Mortgage and the Project Loan Mortgage, together with interest

upon said sums from the dates of the respective payments and advances thereof, so far as the

amount of such monies properly applicable thereto will pay the same; that this Court forthwith

appoint a receiver of the rents and profits of said Property, during the pendency of this action

with the usual powers and duties; and that the defendant, **WB BRIDGE HOTEL LLC,** if

applicable, may be adjudged to pay the whole residue, or so much thereof as the Court may

determine to be just and equitable, of the debt remaining unsatisfied after a sale of the Property

and the application of the proceeds pursuant to the directions contained in the Consolidated

Judgment of Foreclosure and Sale; as and for the Fourth Cause of Action that the defendants,

**YITZCHOK HAGER and SHIFRA HAGER,** if applicable, may be adjudged to pay the whole

residue, or so much thereof as the Court may determine to be just and equitable, of the debt

remaining unsatisfied after a sale of the Property and the application of the proceeds pursuant to

the directions contained in the Consolidated Judgment of Foreclosure and Sale, and that in the

event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of

judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be

merged in Plaintiff's cause(s) of action set forth in this Complaint but that Plaintiff shall be

permitted to enforce said other lien(s) and/or seek determination of priority thereof in any

39

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
NYSCEF DOC. NO. 1

INDEX NO. 513660/2020

RECEIVED NYSCEF: 07/29/2020

20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 45 of 47

independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the Property to Plaintiff, and that the Plaintiff may have such other and further relief, and as for the Fifth Cause of Action, and adjudging that the personal property described in the Land Loan UCC-1, Building Loan UCC-1 and Project Loan UCC-1 be sold according to the law to satisfy the amount due to Plaintiff on the Land Loan Note, Building Loan Note, Project Loan Note.

Dated:  New York, New York
      July 28, 2020

                KRISS & FEUERSTEIN LLP
                *Attorneys for Plaintiff*

                By: */s/ Jerold C. Feuerstein*
                    Jerold C. Feuerstein, Esq.
                360 Lexington Avenue, Suite 1200
                New York, New York 10017
                (212) 661-2900

20-23288-shl    Doc 65-1    Filed 06/04/21    Entered 06/04/21 11:27:50    Exhibit
A_S&C_exhibits omitted    Pg 46 of 47

ATTORNEY CERTIFICATION PURSUANT

TO

22 NYCRR 130-1.1a

Pursuant to 22 NYCRR 130-1.1a, the undersigned, an attorney admitted to practice in the

courts of New York State, certifies that upon information and belief, and after reasonable

inquiry, the contentions contained in the annexed document(s) are not frivolous.

Dated: July 28, 2020

                                            */s/: Jerold C. Feuerstein*
                                            Jerold C. Feuerstein, Esq.

41

FILED: KINGS COUNTY CLERK 07/29/2020 12:17 PM
NYSCEF DOC. NO. 1

INDEX NO. 513660/2020

RECEIVED NYSCEF: 07/29/2020

20-23288-shl   Doc 65-1   Filed 06/04/21   Entered 06/04/21 11:27:50   Exhibit
A_S&C_exhibits omitted   Pg 47 of 47

## VERIFICATION

STATE OF NEW YORK          )
                           )ss.:
COUNTY OF NEW YORK

    **SHOSHANA CARMEL,** being duly sworn, deposes and says that she is the Director of **159 BROADWAY 1 LLC,** the Plaintiff in this action, that she has read the foregoing Complaint and knows the contents thereof, and that the same is true to her knowledge.

SHOSHANA CARMEL

Sworn to before me on this
28th day of July, 2020

Notary Public

MARIA DITORO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01DI6393688
Qualified in New York County
Commission Expires 06/10/2023