UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In re:                                                                    Chapter 11

**WB BRIDGE HOTEL LLC and 159**                Case No.: 20-23288 (RDD)
**BROADWAY MEMBER LLC,**
                                                                           Jointly Administered
                        Debtors.

-----------------------------------------------------------X

### ORDER (I) APPROVING 159 BROADWAY 1 LLC'S FIRST AMENDED DISCLOSURE STATEMENT FOR FIRST AMENDED PLAN OF LIQUIDATION FOR DEBTORS; (II) SCHEDULING HEARING ON CONFIRMATION OF THE PLAN AND APPROVING NOTICE THEREOF; (III) APPROVING BALLOTS AND (IV) APPROVING BID PROCEDURES

Upon the motion (the "Motion") of 159 Broadway 1 LLC (the "Proponent"),[1] by and through its attorneys, Kriss & Feuerstein LLP, for the entry of an order: (i) approving Proponent's Disclosure Statement for Plan of Liquidation for the Debtors (the "Original Disclosure Statement"), (ii) scheduling a hearing on confirmation (the "Confirmation Hearing") on Proponent's Plan of Liquidation for the Debtors (the "Original Plan"), (iii) establishing a deadline and procedures for filing objections to confirmation of the Plan, (iv) approving form and manner of Notice of Hearing on Confirmation, the ballots on the Plan, and related issues and approving procedures, and (v) granting such other related relief as this Court deems just and proper; and the Proponent having filed and served a notice of hearing on the Original Disclosure Statement [ECF No. 121]; and the Proponent having filed and served proposed ballots (the "Ballots"), attached to the Original Disclosure Statement as Exhibit A; and it appearing that the Debtors, the Office of the United States Trustee, all creditors of the Debtors and all other parties entitled to notice were duly served with the Motion, the Disclosure Statement, the Plan and the proposed Ballots and, after due and sufficient notice of the

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Motion.

Motion, there being no opposition or objections to the Motion; and upon the record of the hearing held by the Court on the Motion, the Disclosure Statement, and the proposed Ballots on April 25, 2022, at which the Court stated that it would grant the Motion and approve an amendment to the Original Disclosure Statement as containing adequate information under 11 U.S.C. § 1125 if the Proponent adequately addressed the Court's questions and comments on the Original Disclosure Statement and Original Plan; and the Proponent having filed 159 Broadway 1 LLC's First Amended Disclosure Statement for the First Amended Plan of Liquidation for Debtors [ECF No. 128], dated May 11, 2022 (the "Disclosure Statement"); and the Bid Procedures having been attached to the Disclosure Statement as Exhibit A thereto as discussed by the Court at the hearing; and the Proponent having filed 159 Broadway 1 LLC's Fist Amended Plan of Liquidation (the "Plan") [ECF No. 129], dated May 11, 2022; and the Disclosure Statement, including the Bid Procedures, and Plan having adequately addressed the Court's comments and questions; and upon all of the pleadings and proceedings heretofore had herein; and after due deliberation and sufficient cause appearing,

**IT IS HEREBY FOUND THAT:**

A.    Notice of the Motion and the hearing thereon was served in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and constitutes good and sufficient notice to all interested parties and no other or further notice need be provided.

B.    The Disclosure Statement contains "adequate information" as such term is defined in 11 U.S.C. § 1125, and the Proponent is entitled to solicit acceptances of the Plan.

C.    The form of the Ballots is sufficiently consistent with Official Form 314 and adequately addresses the particular needs of this chapter 11 case and is appropriate for each class of claims and equity interests that is entitled to vote to accept or reject the Plan.

D.    Ballots need not be provided to the holders of Claims in Classes 1, 6 and 7 and interests

2

in Class 10 because they are unimpaired under 11 U.S.C. § 1124 and therefore are conclusively presumed to accept the Plan under 11 U.S.C. § 1126(f).

E.     The period, set forth below, during which the Proponent may solicit acceptances to the Plan is reasonable and adequate under the circumstances for creditors to make an informed decision to accept or reject the Plan and consistent with Bankruptcy Rule 2002.

F.     The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set for the below) provide for a fair and equitable voting process and are consistent with 11 U.S.C. § 1126 and the applicable Bankruptcy Rules.

G.     The form of the Confirmation Hearing Notice, attached to the Motion as Exhibit 2, is approved and upon service thereof, will constitute sufficient notice to all parties of the confirmation hearing.

Now, therefore, it is hereby

**ORDERED**, that the Motion is granted to the extent set forth herein; and it is further

**ORDERED**, that to the extent not otherwise resolved on the record of the hearing on the Disclosure Statement or by the provisions of this Order, any objections to the Motion are overruled; and it is further

**ORDERED**, that the Disclosure Statement is approved (the "Approved Disclosure Statement"); and it is further

**ORDERED**, that the date of this Order is established as the record date for purposes of determining which creditors and/or equity interest holders are entitled to vote on the Plan; and it is further

**ORDERED**, that the Proponent is authorized and empowered to commence to distribute or cause to be distributed solicitation packages (the "Solicitation Packages"), containing a copy of the following to the holders of Claims in Classes 2, 3, 4, 5, 8 and 9:

3

    a. this Order;

    b. the Confirmation Hearing Notice;

    c. the Approved Disclosure Statement, with exhibits;

    d. the Plan;

    e. a Ballot, if such recipient has a Claim in Classes 2, 3, 4, 5, 8, or 9; and it is further

**ORDERED**, that the Proponent is authorized and empowered to distribute or cause to be distributed the Confirmation Hearing Notice, the Plan and the Approved Disclosure Statement to holders of Claims in Classes 1, 6 and 7, and the holder of interests in Class 10; and it is further

**ORDERED,** that the Solicitation Packages shall be served on or before the date that is 31 days before the Confirmation Hearing Date (as defined below); and it is further

**ORDERED**, that **in the event no holder of a claim or equity interest in a particular impaired Class of Claims or Interests votes to accept or reject the Plan by the Voting Deadline, such Class shall be deemed to have voted in favor of and accepted the Plan**; and it is further

**ORDERED**, to the extent any Solicitation Packages are returned as undeliverable, the Proponent is excused from re-mailing or otherwise re-sending Solicitation Packages or Confirmation Hearing Notices to entities whose mail is returned as "undeliverable" at such addresses or "moved - no forwarding address" or similar marking, unless the Proponent is provided with, or obtain, accurate addresses for such entities by the date that is no less than two weeks before the date of the Confirmation Hearing; and it is further

**ORDERED**, that all Ballots must be properly executed, completed, legible, signed, indicate an acceptance or a rejection of the Plan, and the original thereof delivered to Kriss & Feuerstein, LLP, attention Daniel N. Zinman, Esq. and Stuart L. Kossar, Esq., 360 Lexington Avenue, Suite 1200, New York, NY 10017 <u>so as to be received by</u> June 7, 2022 at 5:00 p.m. (the

4

"Voting Deadline"), provided, however, that the Proponent may grant one or more extensions of the Voting Deadline for one or more Creditors in writing subject to any necessary approval of this Court; and it is further

**ORDERED**, that if any claimant seeks to challenge the allowance of its claim for voting purposes or otherwise temporarily allow its claim for voting purposes, such claimant must serve on the Proponent and file with the Court a motion on or before the date that is 14 days prior to the Confirmation Hearing Date; and it is further

**ORDERED**, that if a creditor or equity interest holder casts more than one Ballot voting the same claim(s) or equity interest(s) on or before the Voting Deadline, the last Ballot received on or before the Voting Deadline is deemed to reflect the voter's intent and, thus, to supersede any prior Ballots; and it is further

**ORDERED**, that if a Creditor holds more than one distinct Claim entitled to vote on the Plan, such Creditor must complete a separate Ballot for each such claim; and it is further

**ORDERED**, that any Ballot cast by a person or entity that does not hold a claim in a Class that is entitled to vote to accept or reject the Plan and any Ballot that is unsigned or transmitted by facsimile or other electronic means shall not counted; and it is further

**ORDERED**, that in accordance with section 1125(e) of the Bankruptcy Code, to the fullest extent permitted by law, the Proponent shall not have any liability on account of soliciting votes on the Plan or participating in such solicitation for violation of any applicable law, rule, or regulation governing solicitation of acceptance or rejection of a plan or the offer, issuance, sale or purchase of securities; and it is further

**ORDERED**, that the form of the Confirmation Hearing Notice is approved; and it is further

**ORDERED**, that the hearing on confirmation of the Plan will commence at 10:00 a.m. (prevailing New York Time) on June 14, 2022 (the "Confirmation Hearing Date"); provided, however, that the hearing on confirmation may be adjourned from time to time by the Court

without further notice to parties other than an announcement at or before the hearing on confirmation of the Plan or any adjourned hearing on confirmation of the Plan; and it is further

**ORDERED**, that objections to confirmation of the Plan, if any, must (i) be made in writing; (ii) state with particularity the legal and factual ground therefor, and, if practicable, a proposed modification to the Plan that would resolve such objection; (iii) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules; (iv) be filed with the Bankruptcy Court electronically in accordance with Local Rules and applicable orders; (v) be served in accordance with Local Rules and applicable orders, so as to be received by the Proponent and the Office of the United States Trustee, with a copy to the Court's chambers no later than 5:00 p.m. (prevailing New York time) on June 7, 2022 (the "Objection Deadline"); and it is further

**ORDERED**, that objections to confirmation of the Plan not timely filed and served in the manner set forth above may not be considered and shall be overruled; and it is further

**ORDERED**, that the Proponent is authorized to make non-substantive changes to the Approved Disclosure Statement, Ballots, Confirmation Hearing Notice, Ballots and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, to include relevant dates and times, and to make conforming changes among the Approved Disclosure Statement, the Plan, and any other materials in the Solicitation Package prior to this distribution; and it is further

**ORDERED**, that the Bid Procedures, attached to the Disclosure Statement as Exhibit A, are approved; and it is further

**ORDERED**, that to the extent that the Broker is not already doing so, the Broker shall begin marketing the Property promptly for a sale, to be conducted following entry of an order confirming the Plan, should such an order be entered, in accordance with the Bid Procedures.

Dated: White Plains, New York
      May 12, 2022                                       /s/Robert D. Drain
                                                                         United States Bankruptcy Judge