UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                                    Case No.: 20-23288 (RDD)

**WB BRIDGE HOTEL LLC and 159
BROADWAY MEMBER LLC,**
                                                                                          Jointly Administered
            Debtors.
-----------------------------------------------------------X

## ORDER CONFIRMING 159 BROADWAY 1 LLC'S FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION FOR THE DEBTOR

Upon 159 Broadway 1 LLC (the "Secured Creditor" or the "Proponent"), as secured creditor and mortgagee of WB Bridge Hotel LLC ("WB Bridge"), which, together with 159 Broadway Member LLC ("159 Member" and together with WB Bridge, the "Debtors") constitute the above captioned debtors and debtors-in-possession, and as interested parties in this Chapter 11 case (the "Chapter 11 Case"), having proposed and filed the First Amended Disclosure Statement [ECF No. 128] (the "Disclosure Statement") to the Proponent's First Amended Plan of Liquidation for the Debtors [ECF No. 129] (the "Plan")[1] in this case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and a hearing to consider approval of the Plan having been before this Court on June 14, 2022 (the "Confirmation Hearing") on notice to all holders of Claims against and Interests in the Debtors and other interested parties (collectively, the "Claimants"); and the Proponent having timely served copies of the Plan, the Disclosure Statement, ballots, and the order approving the Disclosure Statement (the "Disclosure Statement Approval Order") entered on May 12, 2022 [ECF No. 130], directing, inter alia, (i) approval of the Disclosure Statement, (ii) scheduling the Confirmation Hearing, (iii) approving ballots (together with

---

[1] Capitalized terms used by not defined herein shall have the meaning given to them in the Plan.

the Plan and Disclosure Statement, the Confirmation Hearing Notice and, where applicable, certain ballots, the "Solicitation Materials"), and (iv) approving the Bid Procedures, having been served on all Creditors and Interest Holders and notifying such parties of the deadline for filing objections to the Confirmation of the Plan and for submitting ballots to vote on the Plan in accordance with the Disclosure Statement Order; and counsel to the Proponent having filed a certificate of service [ECF No. 142] of the mailing of the Solicitation Materials in accordance with the Disclosure Statement Approval Order; and the Proponent having given notice of the Confirmation Hearing to all interested parties as indicated in the certificate of service thereof, and the Court having conducted the Confirmation Hearing on June 14, 2022; and upon the Declaration of Mark Gormley in Support of Confirmation of the Plan [ECF No. 144]; and upon the Declaration of Daniel N. Zinman in Support of Confirmation of the Plan [ECF No. 143] (the "Zinman Declaration"); and upon the Memorandum of Law in Support of Confirmation of the Plan [ECF No. 145]; and in the pleadings filed heretofore, and the record in this proceeding, and being otherwise fully advised, and this Court having found all required persons entitled thereto have received proper and timely notice of the Confirmation Hearing in accordance with the Disclosure Statement Approval Order, Section 1128 of the Bankruptcy Code and Rule 2002(b) of the Federal Rules of Bankruptcy Procedure, and upon the record of the Confirmation Hearing held on June 14, 2022; and upon all the proceedings held before the Court in this Case; and after due deliberation, and sufficient cause appearing therefor; and the solicitation of acceptances from holders of Claims and Interests in Class 1, Class 6 and Class 10 being unnecessary pursuant to Section 1126(f) of the Bankruptcy Code, as all holders of Claims in such Classes are conclusively presumed to have accepted the Plan and are unimpaired as that term is defined in Section 1124 of the Bankruptcy Code,

        **IT IS HEREBY FOUND, CONCLUDED and DETERMINED**, after notice and

4857-0753-3092, v. 2

a hearing, that:

### Findings of Fact and Conclusions of Law

1. <u>Jurisdiction and Venue</u>.  The Bankruptcy Court has jurisdiction over these Chapter 11 Cases pursuant to 28 U.S.C. §§ 157(a) and 1334(a). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code.

2. The Plan complies with the applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure:

   a. <u>Proper Classification (§§ 1122 and 1123(a)(1))</u>. The classification of Claims and Interests under the Plan complies with Section 1122 of the Bankruptcy Code. The Claims or Interests placed in a particular class pursuant to the Plan are substantially similar to the other Claims or Interests, as the case may be, in such class.

   b. <u>Specific Unimpaired Classes (§ 1123(a)(2))</u>. Administrative Claims, and Classes of Claims classified in Classes 1, 6 and 10 are unimpaired under the Plan.

   c. <u>Specific Treatment of Impaired Classes (§ 1123(a)(3))</u>. The Disclosure Statement and the Plan specifies the treatment provided to the Claims or Interests, as the case may be, in Classes 2, 3, 4, 5, 7, 8 and 9 under the Plan.

   d. <u>No Discrimination (§1123(a)(4))</u>. The Plan provides for the same treatment of each Claim or Interest in a particular Class without discriminating against any holders in those Classes.

   e. <u>Implementation of the Plan (§ 1123(a)(5))</u>. The Plan provides adequate means for the Plan's implementation.  As more fully specified in the Plan and the Disclosure Statement, under the Plan, the Property shall be sold.  The Plan satisfies this requirement by the distribution of sale proceeds to holders of allowed claims together with additional sources of funding for payment of claims as provided in the Plan.

   f. <u>Executory Contracts and Unexpired Leases (§ 1123(b)(2))</u>. Notwithstanding what is in the Plan, all executory contracts and unexpired leases of the Debtors shall be rejected, or, if the Successful

    Bidder on fourteen days' notice to the parties affected by such assumption and assignment, as specified in Article 5 of the Plan, shall be assumed and assigned to the Successful Bidder in accordance with Section 365 of the Bankruptcy Code. Thus, the Plan satisfies this requirement.

g. <u>The Proponent is in Compliance with the Bankruptcy Code (§ 1129(a)(2))</u>. The Proponent complied with the applicable provisions of the Bankruptcy Code. The notice of the Confirmation Hearing to approve the Disclosure Statement and confirm the Plan and the date and time to assert objections to confirmation of the Plan were in compliance with (i) the Disclosure Statement Approval Order, (ii) the applicable provisions of the Bankruptcy Code and (iii) the applicable Federal Rules of Bankruptcy Procedure.

h. <u>Plan is Proposed in Good Faith (§ 1129(a)(3))</u>. The Plan has been proposed in good faith and not by any means forbidden by law. The Proponent's good faith is evident from the facts and record of this Case, the Disclosure Statement, the Confirmation Hearing, the record of the Confirmation Hearing and other proceedings held in this Case.

i. <u>Payments of Costs and Expenses (§ 1129(a)(4))</u>. Any payment made or to be made by the Proponent, the Disbursing Agent, and/or the Debtors for services or for costs and expenses in or in connection with the Case, or in connection with the Plan and incidental to the Case has been or will be disclosed to the Court, and where appropriate pursuant to the Plan, has been approved by the Court or is subject to approval of this Court as reasonable.

j. <u>Insider Employees (§ 1129(a)(5))</u>. The Plan provides for the sale of the Debtors' Property. The identity and affiliations of any the members of the Debtors will not change under the Plan, as the holders of interests in the Debtors shall continue to retain and maintain such Interests in the Debtors and the Post-Confirmation Debtors following confirmation of the Plan. Furthermore, the Proponent has filed the Trust Declaration and identified the Creditor Trustee and the member of the Oversight Committee. Accordingly, no further disclosure is necessary.

k. <u>No Rate Change (§ 1129(a)(6))</u>. No rate changes are provided for in the Plan that would require governmental regulatory commission approval.

l. <u>Best Interests of Creditors (§ 1129(a)(7))</u>. Each holder of a Claim or Interest in each Class under the Plan will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would

4

so receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

m.  **Plan Acceptance (§ 1129(a)(8)).** All impaired Classes have accepted the Plan.

n.  **Plan Treatment of Administrative Claims and Priority Claims (§ 1129(a)(9)).** Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that Claims of a kind specified in Section 507(a)(2) of the Bankruptcy Code, which have not otherwise been paid previously, shall be satisfied and discharged by paying the holder thereof an amount equal to 100% of the Allowed Amount of such Claims, on the later of the Effective Date, the date payment of such Claim is due under the terms thereof or applicable law, or three business days after such Claim becomes an Administrative Claim. There are no Claims of a kind specified in Section 507(a)(1), (4), (5), or (8) of the Bankruptcy Code.

o.  **Acceptance of Impaired Class Under the Plan (§ 1129(a)(10)).** All impaired Classes have accepted the Plan.

p.  **Feasibility (§ 1129(a)(11)).** By virtue of the sale of the Property, the Proponent has demonstrated that the Debtors will be able to meet the financial obligations under the Plan.

q.  **Fees (§ 1129(a)(12)).** All fees and interest payable under 28 U.S.C. § 1930(a)(6) and (f) and 31 U.S.C. § 3717, have been paid as of the date hereof and any such fees and interest incurred post-confirmation will be paid in Available Cash through the entry of a final decree closing this case, or until this case is converted or dismissed, whichever is earlier by the Disbursing Agent.

r.  **Retiree Benefits (§ 1129(a)(13)).** The Debtors are not obligated to provide "retiree benefits" within the meaning of Section 1114(a) of the Bankruptcy Code.  Accordingly, this provision is not applicable to this Plan in this Case.

s.  **No Other Plan (§ 1129(c)).** No other chapter 11 plan remains subject to consideration by this Court in the Case.

t.  **Principal Purpose (§ 1129(d)).** The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the application of Section 5 of the Securities Act of 1933.

3. <u>Solicitation and Notice.</u>  As evidenced by the certificate of service, the solicitation packages were transmitted and served in accordance with the terms of the Disclosure Statement Approval Order.

4. <u>Good Faith Solicitation and Section 1125(e) of the Bankruptcy Code.</u>  The Proponent has solicited acceptances of the Plan in good faith and in compliance with applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

5. <u>Voting.</u>  As evidenced by the Zinman Declaration, the Plan was accepted by at least three Impaired Classes of Creditors.

6. <u>Judicial Notice.</u> The Court takes judicial notice of the docket in the Debtors' Chapter 11 cases and related proceedings maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and the transcripts of, and all evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of the Chapter 11 case.

7. The foregoing findings and conclusions satisfy the requirements of Rule 7052 of the Federal Rules of Bankruptcy Procedure. A finding of fact shall operate as a finding of fact, no matter how denominated, and a conclusion of law shall operate as a conclusion of law, no matter how denominated. All offers of proof and discussion on the record at the Confirmation Hearing shall constitute additional findings and conclusions with respect to this Order.

**IT IS HEREBY ORDERED THAT**:

1) The Plan, the terms and provisions of which are incorporated herein by reference as if fully set forth herein, be, and it hereby is, confirmed in all respects regardless of whether specific reference is made herein to a particular article, paragraph or provision of the Plan.

2) Objections to confirmation of the Plan, if any, unless previously withdrawn, shall be and hereby are overruled.

3) To the extent of any inconsistency between the provisions of the Plan and this Order, the terms and conditions contained in this Order shall govern.

4) The provisions of the Plan and this Order shall be, and they hereby are, binding upon the Debtors, the Proponent, any holder of a Claim or Interest, and their agents, successors and assigns, whether or not the Claim or Interest is impaired under the Plan and whether or not the holder of such Claim or Interest has accepted the Plan. The provisions of this Order shall be, and they hereby are, non-severable and mutually dependent.

5) Notwithstanding anything else in the Plan to the contrary, all executory contracts and unexpired leases of the Debtors shall be rejected unless assumed and assigned to the Successful Bidder through the filing and service of an Assumption Notice as provided in section 5.1 of the Plan.

6) The Debtors are authorized and directed to execute, deliver, file, such contracts, instruments, releases, and other agreements or documents and take such actions and make such payments as may be necessary or appropriate to effectuate, implement or consummate the terms and conditions of the Plan as confirmed hereby, whether or not specifically referred to in the Plan and this Order, without further order of the Court.

7) As of the Confirmation Date, Kriss & Feuerstein LLP prior to the Effective Date and the Creditor Trust after the Effective Date are approved to act as the Disbursing Agent under the Plan. The Disbursing Agent shall not be required to obtain a bond from a recognized surety company for any funds held following the Confirmation Date.

8) The Disbursing Agent shall hold all funds delivered to it in its capacity as Disbursing Agent, in escrow accounts, for disposition as provided in the Plan.

9) This Confirmation Order shall be a final determination as to the rights of all Claimants and Interest holders to participate in the Distributions under the Plan (subject to the restrictions therein, including as to disputed claims, and subject to any objections that may be filed to a proof of claim or any amendments to the Debtors' schedules in accordance with the Bankruptcy Code and the Bankruptcy Rules), whether or not (a) a proof of claim or interest is filed or deemed filed under Section 501 of the Bankruptcy Code, (b) such Claim is an Allowed Claim, or (c) the holder of such Claim or Interest has accepted the Plan. The Disbursing Agent shall make payments and distributions to holders of Allowed Claims, only in accordance with the Plan and this Confirmation Order.

10) Any Pre- or Post-Petition claims for which no proof of claim has been filed, resulting from violations against the Property by the City of New York or any other municipality that have arisen prior to the Effective Date shall attach to Sale proceeds and be the responsibility of the Debtors, and shall be paid and/or resolved by the Disbursing Agent, with all rights to otherwise object to any such claims preserved.

11) The Debtors and the Proponent, and their agents and attorneys are hereby authorized, empowered and directed to execute, deliver and carry out all of the provisions of the Plan, and to perform such other acts as are necessary for the consummation of the Plan.

12) Proof of Administrative Expense Claims and applications for approval of Professional Fees and expenses, shall be filed on or before fourteen (14) days (the "Admin. Bar Date") after the date hereof. The failure to file a proof of an Administrative Expense Claim or

8

application for approval of Professional Fees and expenses by the Admin. Bar Date shall result in the disallowance of any such Administrative Expense Claim or Professional Fees and expenses.

13) On or after the Effective Date, the Creditor Trust shall represent the Debtors' estate with respect to all Claims and shall assert, litigate and reduce to judgment or Final Order all objections to Claim, with such objections to be filed on or before the date that is sixty (60) days following the Effective Date of the Plan.

14) The Disbursing Agent shall retain sufficient funds from Available Cash to pay holders of all filed Claims as if the filed Claims were Allowed Claims until all Claim objections are determined by the Court and/or resolved as per the Plan, including sections 8.5 through section 8.9. In addition, the Disbursing Agent shall retain sufficient funds from the Available Cash to pay all Administrative Claims, including, but not limited to, Post-Petition Tax Claims, any open accounts payable, professional fees, and Statutory Fees. The remainder of the Available Cash may be distributed as otherwise provided in the Plan.

15) The injunctions and releases provided set forth in Article 9 of the Plan are hereby approved and apply as provided therein.

16) Before substantial consummation of the Plan as defined in Section 1101(2) of the Bankruptcy Code, the Proponent and/or the Disbursing Agent may, under Section 1127(b) of the Bankruptcy Code, institute proceedings in the Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement or this Order, and such matters as may be necessary to carry out the purposes and effects of the Plan, so long as such proceedings do not materially and adversely affect the treatment of holders of Claims under the Plan.

17) In accordance with Section 1146(a) of the Bankruptcy Code, the transfer or sale of the Property, the transfer of the deed conveying the Property in accordance with the

4857-0753-3092, v. 2

Sale and any deed further conveying the Property within two years following the Sale by the Successful Bidder or its affiliate, designee or nominee shall be an instrument of transfer in connection with or in furtherance of the Plan and shall not be subject to any tax under any law imposing a stamp tax, real estate transfer taxes, mortgage recording tax or similar tax, and, to the extent provided by Section 1146(a) of the Bankruptcy Code, if any, shall not be subject to any state, local or federal law imposing sales tax.

18) Pursuant to Section 1142(b) of the Bankruptcy Code, and any federal, state municipality, county and local governmental agency or department, including the Office of the Register of Kings County and any applicable Register's Office in the State of New York, shall record any document and instrument necessary or appropriate to effectuate the sale of the Property and the transactions contemplated by the Plan.

19) The Property is to be sold free and clear of all liens, claims and encumbrances (except the Proponent's mortgage, which may be assigned to a lender to the Successful Purchaser) pursuant to 11 U.S.C. § 363 subject to a separate sale order.

20) If the Secured Creditor is the Successful Bidder through a credit bid, on the Effective Date the Secured Creditor shall deposit the funds necessary such that the Dispersing Agent can make the distributions required under the Plan to be made on the Effective Date including Administrative Fees, Bankruptcy Fees and the minimum distribution of $350,000 to be made on account of creditors in Class 6, as provided in the Plan. Such funds shall not be deemed to have been distributed to the Secured Creditor.

21) Nat Wasserstein of Lindwood Associates, LLC is appointed as the Creditor Trustee pursuant to the Plan and shall have all rights, powers, and duties given to him under the Plan.

22) After the closing of the Sale, the Disbursing Agent shall file and serve on all creditors, a notice stating that the Sale has closed. The notice of the sale closing and the notice of the Effective Date, as discussed below at paragraph 28, may be combined in the same notice.

23) The Debtors and the Proponent are hereby authorized to execute any and all documents, do any and all things and pay any and all sums necessary or required to effectuate the transactions approved or contemplated by this order.

24) This Court shall retain jurisdiction of this case and proceedings or matters therein under the provisions of the Bankruptcy Code, including, without limitation, Section 1142(b) thereof, and the Federal Rules of Bankruptcy Procedure, to ensure that the intent and the purpose of the Plan is carried out and given effect. Without limitation by reason of specification, this Court shall retain jurisdiction for the purposes set forth in Article 12 of the Plan.

25) The Disbursing Agent and/or the Proponent shall pay any unpaid United States Trustee quarterly fees arising under 28 U.S.C. § 1930(a)(6) and any applicable interest under 31 U.S.C. § 3717 from and after the Petition Date through the entry of a final decree closing this case or until this case is converted or dismissed, whichever is earlier.

26) The Debtors up to including the Effective Date and the Disbursing Agent and/or the Proponent after the Effective Date shall file post-confirmation quarterly status and disbursement reports on or before the 20th day after the conclusion of the relevant quarter.

27) The stay of this Order otherwise imposed by Bankruptcy Rule 3020(e) is hereby waived and this Order shall be deemed a final order, and the period in which an appeal must be filed shall commence immediately upon entry hereof.

28) The Proponent shall file with the Court and shall serve notice of the occurrence of the Effective Date of the Plan on all Claimants and Interest holders, the United

States Trustee, and other parties in interest, by causing notice thereof to be delivered to such parties by first-class mail, postage-prepaid, within ten (10) business days after the occurrence of the Effective Date of the Plan, such notice being deemed adequate under the circumstances and no other or further notice thereof being deemed necessary.

29) As of the Confirmation Date, except as otherwise provided in the Plan or this Order, all Persons that have held, currently hold or may hold a Claim, Equity Interest or other debt or liability that is treated pursuant to the terms of the Plan are enjoined from taking any of the following actions on account of any such Claims, Equity Interests, debts or liabilities, other than actions brought to enforce any rights or obligations under the Plan or against the Debtors, the Proponent, the Estate, the Creditor Trust's assets or Estate property: (i) commencing or continuing in any manner any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff of any kind against any debt, liability or obligation; and (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.

30) The Injunction and the Limitation of Liability provided in sections 9.1 and 9.2 of the Plan, respectively, are approved and so-ordered and shall constitute and may be submitted as a complete defense to any claim or liability released thereby pursuant to Section 9.3 of the Plan.

31) Pursuant to SDNY LBR 3022-1, the Disbursing Agent shall file a report on the proposed closing of these cases and a motion for a final decree with the Court (on notice to the U.S. Trustee) within 14 days following the full administration of the Debtors' estates.

Dated: July 7, 2022
White Plains, New York

                                           ***/s/ Sean H. Lane***
                                        United States Bankruptcy Judge

4857-0753-3092, v. 2