UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **WB BRIDGE HOTEL LLC and 159 BROADWAY MEMBER LLC,** | Case No.: 20-23288 (SHL) |
| | Jointly Administered |
| Debtors. | |

----------------------------------------------------------X

### ORDER (A) CONFIRMING AND APPROVING SALE OF PROPERTY PURSUANT TO 11 U.S.C. § 363(b), (f), (m), AND (n) FREE AND CLEAR OF ALL CLAIMS, LIENS AND ENCUMBRANCES, (B) APPROVING DISTRIBUTIONS AT CLOSING, AND (C) GRANTING RELATED RELIEF

Upon 159 Broadway 1 LLC's First Amended Plan of Liquidation for Debtors [ECF No. 129], filed by 159 Broadway 1 LLC, (the "Secured Creditor" or the "Proponent"), secured creditor of one of the above-captioned debtors and debtors in possession, WB Bridge Hotel LLC (the "Debtor"), confirmed by an order of this Court entered on July 7, 2022 [ECF No. 160] (the "Confirmation Order"), and upon the Bid Procedures[1] approved by this Court in an order entered on May 12, 2022 [ECF No. 130], and upon the Declaration of Greg Corbin Regarding Sale Pursuant to Local Bankruptcy Rule 6005-1(f) [ECF No. 174] (the "Corbin Declaration"), stating, among other things, that the Secured Creditor was the only qualified bidder under the Bid Procedures for the sale (the "Sale") of the real property located 159 Broadway, Brooklyn, New York 11211 (Block: 2457, Lots 34 and 9039) (together with the Property Causes of Action, the "Property"); and upon all of the pleadings and proceedings heretofore had herein, after due deliberation and sufficient cause appearing therefor, it is,

**FOUND AND DETERMINED THAT**:

A.  This Court has jurisdiction over the Sale of the Property pursuant to the Plan under 28 U.S.C. §§ 157 and 1334.

---

[1] All capitalized terms not defined herein shall have the definition set forth in the Plan.

C. The relief granted in this Order is in the best interests of the Debtor and 159 Broadway Member LLC ("159 Member"), their estates, and their creditors and all other parties in interest and is necessary and appropriate.

D. As evidenced by certificates of service filed with the Court and the Corbin Declaration, adequate notice of the Bid Procedures, the bid deadline and the availability of the Property for sale, a reasonable opportunity to object or be heard with respect to foregoing, has been given to all interested persons and entities, including, without limitation: (i) the Office of the United States Trustee; (ii) counsel to the Debtor; (iii) all entities known to have asserted any lien, interest or encumbrance upon the Debtor's assets; and (iv) all other parties who filed requests for notice under Bankruptcy Rule 2002 in this case and no other or further notice is necessary or required.

E. The marketing and bidding processes implemented by the Secured Creditor and the Broker, as set forth in the Motion and the Corbin Declaration, were fair, proper, and reasonably calculated to result in the best value received for the Property.

F. The Sale process was conducted in a commercially reasonable, non-collusive, fair and good faith manner.

G. The bid from the Secured Creditor for credit and sufficient funds to make the distributions required under the Plan is the highest and best bid received for the Property.

H. The Secured Creditor is the Successful Bidder.

I. The sale to the Secured Creditor is an arms-length transaction and is being entered into in good faith by the parties.

J. The Secured Creditor is deemed to be a good faith purchaser of the Property within the meaning of Section 363(m) of the Bankruptcy Code and is therefore entitled to all the protections afforded thereby.

4884-3607-7886, v. 3

bidders that impacted the bidding and/or sale price.

       L.     The Sale process complied with the Plan, the Confirmation Order, and the Bid Procedures.

       M.     The Sale to the Secured Creditor (or its nominee, designee or assignee) in accordance with this Order will comply with the Plan, the Confirmation Order, and the Bid Procedures.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

ORDERED, that the relief requested in the Motion is granted to the extent set forth herein; and it is further

ORDERED, that pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code that the Debtor and the Secured Creditor are authorized, empowered and directed to consummate the Sale of the Property to the Secured Creditor (or its nominee, designee or assignee) for credit and sufficient cash to fund the payments required to be made under the Plan; and it is further

ORDERED, that the Debtor is hereby authorized to sell the Property to the Secured Creditor (or its nominee, designee or assignee) and such sale shall be free and clear of all claims, liens, and encumbrances against the Property of any nature whatsoever (except as to the extent that the Secured Creditor's liens are assigned to a lender to the Secured Creditor (or its nominee, designee or assignee)), pursuant to 11 U.S.C. § 363(b) and (f)); and it is further

ORDERED, that the Secured Creditor (or its nominee, designee or assignee) shall not assume and the Debtor shall reject all executory contracts, unless the Secured Creditor (or its nominee, designee or assignee) complies with the Plan's requirements in section 5.1 of the Plan, including by filing and serving an Assumption Notice (as defined therein); and it is further

ORDERED, that effective on the date of entry of this Order, all entities, including, but not limited to, the Debtor and its creditors, employees, former employees, members, equity owners, as well as administrative agencies, tax and regulatory authorities, governmental agencies,

4884-3607-7886, v. 3

including, but not limited to, persons asserting any claim and encumbrances against the Property, shall be permanently and forever barred, restrained and enjoined from commencing or continuing in any manner any action or other proceeding of any kind against the Property or the Secured Creditor (or its nominee, designee or assignee), its members, representatives, affiliates, assignees, designees, nominees, successors in interest or otherwise, with respect to: (i) any claims and encumbrances on, in respect of or against the Debtor or the Property; and (ii) recovering on any claim which such person or entity had or may have against the Debtor or Property; and it is further

ORDERED, that notwithstanding anything to the contrary, for avoidance of doubt, nothing contained herein shall constitute any waiver of the Secured Creditors' rights and remedies relating to a deficiency claim against any guarantor or other non-Debtor entity liable to the Secured Creditors; and it is further

ORDERED, that the Secured Creditor (or its nominee, designee or assignee) is deemed to be good faith purchasers pursuant to 11 U.S.C. § 363(m) and are therefore entitled to the protections set forth therein; and it is further

ORDERED, that the Debtor, 159 Member and the Secured Creditor (or its nominee, designee or assignee) are authorized to execute any and all documents necessary to effectuate the Sale of the Property as set forth herein; and it is further

ORDERED, that at the closing of the sale of the Property, the Debtor (or its agent) and, where applicable, 159 Member shall deliver all documents and items reasonably necessary to convey title to the Property to the Secured Creditor (or its nominee, designee or assignee), the form and substance which shall be reasonably acceptable to the Secured Creditor, the Debtor and 159 Member (to the extent Secured Creditor (or its nominee, designee or assignee) reasonably requests) including:

4884-3607-7886, v. 3

> the Secured Creditor (or its nominee, designee or assignee) on or before the Closing Date, including a deed and ACRIS transfer documents.
>
> (ii) All documents to show that the Debtor (and 159 Member (to the extent Secured Creditor (or its nominee, designee or assignee) requests) is not a "foreign person" within the meaning of Section 1445 of the Internal Revenue Code 1986, as amended, or any regulations promulgated thereunder (as such "foreign person" is defined in the Internal Revenue Code) to the extent the 159 Member is in fact not a "foreign person";
>
> (iii) All keys and/or access cards relating to the Property, to the extent that such keys and/or cards are in the possession, custody or control of the Debtor or 159 Member and/or their affiliates, agents, employees and Managing Agent;
>
> (iv) An executed title affidavit and any other document required by the title company to issue a title insurance policy to the Secured Creditor (or its nominee, designee or assignee); and
>
> (v) Any other document reasonably required to effectuate the closing of the sale of the Property to the Secured Creditor, and it is further

ORDERED, that the fourteen-day stay provided for in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is waived and shall not be in effect and, pursuant to Rule 6004, 7062, and 9014 of the Federal Rules of Bankruptcy Procedure, this Order shall be effective and enforceable immediately upon entry; and it is further

ORDERED, that each and every federal, state and local government agency or department is hereby directed to accept any and all documents necessary and appropriate to consummate the sale of the Property as set forth herein and a copy of this Order may be filed in any place where state, federal or local law permits filing or recording; and it is further

5

4884-3607-7886, v. 3

successors and assigns, and any trustee that may be appointed in the case or any case under Chapter 7 of the Bankruptcy Code to which such case may be converted, and any affected third parties, including without limitation any encumbrances against or claims or interests in the Debtor's estate or any of its assets, and all other persons and entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons or entities who may be required by operation of law or by the duties of their offices to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to any of the Debtor's assets; and it is further

ORDERED, that pursuant to Section 1146(a) of the Bankruptcy Code, the Sale of the Property as contemplated by the Bid Procedures, the Plan, the Confirmation Order and this Order and any deed further conveying the Property within two years following the Sale by the Secured Creditor (or its nominee, designee or assignee) shall be exempt from the payment of transfer, stamp, deed, mortgage recording, or similar taxes, including without limitation, and any recorder of deeds or similar official for any governmental unit in which any instrument hereunder is to be recorded shall be ordered and directed to accept such instrument without requiring the payment of any transfer, stamp, deed, mortgage recording, or similar taxes; and it is further

ORDERED, that at the closing of the Sale of the Property, the Distribution Agent (as defined in the Plan) shall make all payments required to be made under the Plan; and it is further

ORDERED, that the Secured Creditor shall pay the Broker $125,000 as a commission and $2,000.00 for the Broker's expenses that are hereby approved at the closing of the Sale of the Property; and it is further

ORDERED, that the Secured Creditor shall pay, by wire transfer pursuant to instructions provided to Secured Creditors counsel, at the closing of the Sale of the Property, (i) the final fee

4884-3607-7886, v. 3

Court's Order dated June 30, 2022 [ECF Doc. No. 157] ("Final Fee Order"); (ii) the sum of $22,582.35 for post-confirmation services to the estate for a total of $25,302.75 and (iii) the sum of $219,994.40 to Robinson Brog Leinwand Greene Genovese & Gluck P.C. pursuant to the Final Fee Order; and it is further

ORDERED, that this Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein; and it is further

ORDERED, that the provisions of this Order shall survive and be enforceable in the event of conversion of this case to Chapter 7 of the Bankruptcy Code or dismissal; and it is further

ORDERED, that this Court shall retain jurisdiction to determine any dispute which may arise under, relating to or with respect to this Order.

Dated: New York, New York  　　　　　　　　　　*/s/ Sean H. Lane*
　　　　November 10, 2022　　　　　　　　　　United States Bankruptcy Judge

4884-3607-7886, v. 3