**SilvermanAcampora LLP**
Counsel to Nat Wasserstein,
 Trustee of the WB Bridge Creditor Trust
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
David J. Mahoney
Brian Powers

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
In re:                                                                                   Chapter 11

WB BRIDGE HOTEL LLC and                                   Case No. 20-23288 (SHL) and
159 BROADWAY MEMBER LLC,                              Case No. 20-23289 (SHL)
                                                                                         (Jointly Administered)
                                        Debtors.
---------------------------------------------------------------------x
NAT WASSERSTEIN, as TRUSTEE of the
WB BRIDGE CREDITOR TRUST,

                                        Plaintiff,                           Ad. Pro. No.: _____

              -against-

MAGELLAN CONCRETE STRUCTURES CORP.,

                                        Defendant.
---------------------------------------------------------------------x

# COMPLAINT

Nat Wasserstein (the "Trustee"), as trustee of the WB Bridge Creditor Trust (the "Creditor Trust"), brings this adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to avoid and recover transfers made by debtor WB Bridge Hotel LLC (the "Debtor") pursuant to sections 544(b), 548, and 550 of title 11 of the United States Code (the "Bankruptcy Code") and sections 273 through 276 of the New York Debtor Creditor

2837465v1 / 069211.2 / CROMAN

Law (the "NYDCL") against Magellan Concrete Structures Corp (the "Defendant") and alleges as follows:

## NATURE OF THE ADVERSARY PROCEEDING

1. This adversary proceeding is brought to avoid certain pre-petition transfers of the Debtor's interest in property to or for the benefit of Defendant, and to recover all sums paid to or for the benefit of Defendant under Bankruptcy Code §§544(b), 548, and 550 and NYDCL §§273-276.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. Section 1334.

3. Venue of this case and this adversary proceeding is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

4. This adversary proceeding is a core proceeding as defined in 28 U.S.C. §§157(b)(1), 157(b)(2)(A), 157(b)(2)(E), and 157(b)(2)(O).

5. The statutory predicates for the relief sought herein are 11 U.S.C. §§105(A), 548 and 550 and NYDCL §§273-276.

## THE PARTIES

6. Plaintiff Nat Wasserstein, a citizen of New York, is the Trustee for the Creditor Trust. The Creditor Trust was formed pursuant to the Plan and the Confirmation Order.

7. Upon information and belief, and at all relevant times mentioned herein, Defendant was and is a corporation with its headquarters located at 233 Powell Street, Brooklyn, New York 11212 and 2378 5th Street, East Meadow, New York 11554.

**FACTS**

8. On December 21, 2020 (the "Filing Date"), 159 Broadway Member LLC ("159 Broadway") and its wholly owned subsidiary, the Debtor, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. (the "Court")

9. On May 11, 2022, the First Amended Plan of Liquidation for Debtors (the "Plan") was filed on behalf of the Debtors.

10. On July 7, 2022, the Court entered an order confirming the Plan (the "Confirmation Order").

11. On November 16, 2022, the Plan became effective.

12. Pursuant to the Plan and the Confirmation Order, the Creditor Trust was established and Nat Wasserstein, by and through Lindenwood Associates, LLC, was designated the Trustee of the Creditor Trust.

13. Pursuant to the Plan and the Confirmation Order, certain assets of the Debtor's estate, including the claims asserted herein, were transferred to the Creditor Trust and the Creditor Trust is authorized to prosecute the instant action.

14. The Debtor was the fee owner of the real property known as and located at 159 Broadway, Brooklyn, New York (the "Property"). Prior to the Filing Date, the Debtor was in the process of developing the Property into a 26-story full-service hotel with retail space, and the Debtor estimated that construction was fifteen percent complete as of the Filing Date.

15. At the onset of the COVID-19 pandemic, the Debtor and 159 Broadway were unable to consensually restructure their existing financial obligations. Accordingly, 159 Broadway's secured lender scheduled a sale of 159 Broadway's membership interests in the

Debtor pursuant to Article 9 of the Uniform Commercial Code. The Debtor commenced this chapter 11 case prior to such sale.

16.    Upon information and belief, the Debtor made the following transfers of its interest in property (the "Transfers") to or for the benefit of the Defendant:

| Date of Payment: | Amount: |
|---|---|
| 12/18/2018 | $100,000.00 |
| 3/20/2019 | $325,000.00 |
| 4/10/2019 | $350,000.00 |
| 6/20/2019 | $180,000.00 |
| 8/7/2019 | $300,000.00 |
| 8/23/2019 | $50,000.00 |
| 8/26/2019 | $150,000.00 |
| 11/1/2019 | $1,001,903.59 |
| 12/19/2019 | $134,000.00 |
| 12/19/2019 | $134,000.00 |
| 2/12/2020 | $350,000.00 |
| 3/11/2020 | $150,000.00 |
| 3/12/2020 | $100,000.00 |

| TOTAL | $3,324,903.59 |
|---|---|

17. The Debtor's books and records available to the Trustee do not reflect the receipt of goods and/or services constituting fair consideration or reasonably equivalent value for the Transfers.

18. The Debtor was either insolvent at the times the Transfers were made, or was rendered insolvent as a result of the Transfers.

19. At the times the Transfers were made, there existed unsecured creditors of the Debtor who remained unsecured creditors as of the Filing Date.

## First Claim for Relief
(incorporating all previous allegations)

20. The Transfers were made with the actual intent to hinder, delay or defraud the Debtor's creditors.

21. The Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §276.

22. Based upon the foregoing, the Trustee is entitled to judgment (a) avoiding the Transfers pursuant to New York State Debtor and Creditor Law §276, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Defendant an amount as yet undetermined but which is equal to any and all sums paid by the Debtor to Defendant which amount is, in no event, less than $3,324,903.59, plus interest thereon, and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-A.

**Second Claim for Relief**
(incorporating all previous allegations)

23. The Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §273.

24. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §273, and (b) pursuant to 11 U.S.C. §§550(a) and 551, against Defendant in an amount as yet undetermined but which is equal to any and all sums paid by the Debtor to Defendant which amount is, in no event, less than $3,324,903.59, plus appropriate interest thereon.

**Third Claim for Relief**
(incorporating all previous allegations)

25. Upon information and belief, at the time of the Transfers, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its possession after the conveyance was unreasonably small capital.

26. The Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §274.

27. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §274, and (b) pursuant to 11 U.S.C. §§550(a) and 551, against Defendant in an amount as yet undetermined but which is equal to any and all sums paid by the Debtor to Defendant which amount is, in no event, less than $3,324,903.59, plus appropriate interest thereon.

**Fourth Claim For Relief**
(incorporating all previous allegations)

28. Upon information and belief, at the time of the Transfers, the Debtor had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as they matured.

29. The Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §275.

30. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §275, and (b) pursuant to 11 U.S.C. §§550(a) and 551, against Defendant in an amount as yet undetermined but which is equal to any and all sums paid by the Debtor to Defendant which amount is, in no event, less than $3,324,903.59, plus appropriate interest thereon.

**Fifth Claim For Relief**
(incorporating all previous allegations)

31. Certain of the Transfers, totaling $3,324,903.59 were made within two (2) years of the Filing Date (the "Two-Year Transfers").

32. The Two-Year Transfers were made with actual intent to hinder, delay or defraud the Debtor's creditors under §548(a)(1)(A) of the Bankruptcy Code.

33. The Two-Year Transfers constitute avoidable transfers pursuant to §548(a)(1)(A) of the Bankruptcy Code. Based upon the foregoing, the Trustee is entitled to a judgment (a) avoiding the Two-Year Transfers, and (ii) pursuant to 11 U.S.C. §§550(a) and 551, against Defendant in an amount as yet undetermined but which is equal to any and all sums paid by the Debtor to Defendant within the two years immediately preceding the Filing Date, which amount is, in no event less than $3,324,903.59, plus appropriate interest thereon.

**Sixth Claim For Relief**
(incorporating all previous allegations)

34. The Debtor received less than reasonably equivalent value in exchange for the Two-Year Transfers under §548(a)(1)(B) of the Bankruptcy Code.

35. Upon information and belief, the Debtor (i) was insolvent on the dates that the Two-Year Transfers were made or became insolvent as a result of the Two-Year Transfers, (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as they matured.

36. The Two-Year Transfers constitute avoidable transfers pursuant to §548 (a)(1)(B) of the Bankruptcy Code. Based upon the foregoing, the Trustee is entitled to a judgment (a) avoiding the Two-Year Transfers, and (ii) pursuant to 11 U.S.C. §§550(a) and 551, against Defendant in an amount as yet undetermined but which is equal to any and all sums paid by the Debtor to Defendant within the two years immediately preceding the Filing Date, which amount is, in no event less than $3,324,903.59, plus appropriate interest thereon.

**Seventh Claim For Relief**
(incorporating all previous allegations)

37. The Transfers to Defendant were impermissible transfers of the Debtor's interest in property. As a result, Defendant was the ultimate beneficiary of the Transfers under circumstances in which Defendant would be unjustly enriched if he were to retain such Transfers since the Debtor's did not receive reasonably equivalent value for such Transfers.

38. As a result, Defendant has been unjustly enriched and may not in equity and good conscience retain the Transfers.

39. By reason of the foregoing, Defendant is liable to the Trustee under New York common law for unjust enrichment in an amount as yet undetermined but which is equal to any

and all sums paid to or received by Defendant which amount is, in no event, less than $3,324,903.59, plus appropriate interest thereon.

**WHEREFORE**, plaintiff Nat Wasserstein, as trustee of the WB Bridge Creditor Trust, demands judgment against Defendant:

(a)     against Defendant on his first claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §276, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $3,324,903.59 from Defendant plus appropriate interest thereon and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-a;

(b)     against Defendant on his second claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §273, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $3,324,903.59 from Defendant plus appropriate interest thereon;

(c)     against Defendant on his third claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §274, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $3,324,903.59 from Defendant plus appropriate interest thereon;

(d)     against Defendant on his fourth claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §275, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $3,324,903.59 from Defendant plus appropriate interest thereon;

(e)     against Defendant on his fifth claim for relief (a) avoiding the Two-Year Transfers pursuant to 11 U.S.C. §548(a)(1)(A), and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $3,324,903.59 from Defendant plus appropriate interest thereon;

(f)     against Defendant on his sixth claim for relief (a) avoiding the Two-Year Transfers pursuant to 11 U.S.C. §548(a)(1)(B), and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $3,324,903.59 from Defendant plus appropriate interest thereon;

(g)     against Defendant on his seventh claim for relief for unjust enrichment under New York common law in an amount to be determined at trial, but in no event less than $3,324,903.59 from Defendant plus appropriate interest thereon;

(h)     for such other, further and different relief as the Court deems proper.

Dated: December 20, 2022

        SILVERMANACAMPORA LLP
*Counsel to Nat Wasserstein, the Trustee of the WB Bridge Creditor Trust*

By:   /s/ *David J. Mahoney*
      David J. Mahoney
      Brian Powers
      Members of the Firm
      100 Jericho Quadrangle, Suite 300
      Jericho, NY 11753
      Telephone: (516) 479-6300