**SilvermanAcampora LLP**
Counsel to Nat Wasserstein,
  Trustee of the WB Bridge Creditor Trust
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
David J. Mahoney
Brian Powers

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| WB BRIDGE HOTEL LLC and | Case No. 20-23288 (SHL) and |
| 159 BROADWAY MEMBER LLC, | Case No. 20-23289 (SHL) |
| | (Jointly Administered) |
| Debtors. | |

------------------------------------------------------------------x

NAT WASSERSTEIN, as TRUSTEE of the
WB BRIDGE CREDITOR TRUST,

                Plaintiff,       Adv. Pro. No.: _____

      -against-

11 APPLE LLC, 110 MARTENSE LLC,
135 MIDDLETON U2L LLC,
158 ROGERS NOTE ACQUISITION LLC,
159 BROADWAY 1 LLC, 159 BROADWAY 2 LLC,
159 BROADWAY LLC, 159 BROADWAY
MEMBER LLC, 159 BROADWAY MEZZ LLC,
206 KENT INVESTOR II LLC, 206 KENT
INVESTOR III LLC, 206 KENT INVESTOR LLC,
206 KENT MEZZ LLC, 251 E 61 LLC,
255 W 34 T LLC, 428 WYTHE LLC,
502 WILSON LLC, 730 LORIMER HOLDINGS II LLC,
931 CARROLL LLC, B&A MARINE CO. INC.,
BROOKLYN AIR CONDITIONING INC.,
CORNELL 46 LLC, CORNELL 159 LLC,
CORNELL 245-247 LLC, CORNELL 251-247 LLC,
CORNELL 251-253 LLC, CORNELL 251253 LLC,

CORNELL 257 LLC, CORNELL 259 LLC,
CORNELL 46 LLC, CORNELL BEDFORD
HOLDINGS LLC, CORNELL BEDFORD MEMBER
DE LLC, CORNELL CROWN LLC, CORNELL KEAP
HOLDINGS LLC, CORNELL KENT HOLDINGS LLC,
CORNELL MEEKER HOLDINGS LLC,
CORNELL MESEROLE DE LLC,
CORNELL MESEROLE HOLDINGS LLC, CORNELL
MYRTLE II LLC, CORNELL MYRTLE LLC,
CORNELL REALTY MANAGEMENT LLC,
CORNELL SCHOLES HOLDINGS LLC,
CORNELL WEST 34 II LLC, CORNELL WEST 34
OWNER LLC, HAMILTON EASTMAN MEEKER
HOLDINGS LLC, MERAL MEEKER LLC,
N1 ACQUISITION HOLDINGS LLC, and
ISAAC HAGER a/k/a ISSAC HAGER a/k/a
YITZCHER HAGER a/k/a YITZCHOK HAGER
a/k/a YITZCHOK R. HAGER,

                                        Defendants.
-------------------------------------------------------------------x

## COMPLAINT

Nat Wasserstein (the "Trustee"), as trustee of the WB Bridge Creditor Trust (the "Creditor Trust"), brings this adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to avoid and recover transfers made by debtor WB Bridge Hotel LLC (the "Debtor") pursuant to sections 544(b), 548, and 550 of title 11 of the United States Code (the "Bankruptcy Code") and sections 273 through 276 of the New York Debtor Creditor Law (the "NYDCL") against  11 Apple LLC, 110 Martense LLC, 135 Middleton U2L LLC, 158 Rogers Note Acquisition LLC, 159 Broadway 1 LLC, 159 Broadway 2 LLC, 159 Broadway LLC, 159 Broadway Member LLC, 159 Broadway Mezz LLC, 206 Kent Investor II LLC, 206 Kent Investor III LLC, 206 Kent Investor LLC, 206 Kent Mezz LLC, 251 E 61 LLC, 255 W 34 T LLC, 428 Wythe LLC, 502 Wilson LLC, 730 Lorimer Holdings II LLC, 931 Carroll LLC, B&A Marine

Co. Inc., Brooklyn Air Conditioning Inc., Cornell 46 LLC, Cornell 159 LLC, Cornell 245-247 LLC, Cornell 251-247 LLC, Cornell 251-253 LLC, Cornell 251253 LLC, Cornell 257 LLC, Cornell 259 LLC, Cornell 49 LLC, Cornell Bedford Holdings LLC, Cornell Bedford Member DE LLC, Cornell Crown LLC, Cornell Keap Holdings LLC, Cornell Kent Holdings LLC, Cornell Meeker Holdings LLC, Cornell Meserole DE LLC, Cornell Meserole Holdings LLC, Cornell Myrtle II LLC, Cornell Myrtle LLC, Cornell Realty Management LLC, Cornell Scholes Holdings LLC, Cornell West 34 II LLC, Cornell West 34 Owner LLC, Hamilton Eastman Meeker Holdings LLC, Meral Meeker LLC, N1 Acquisitions Holdings LLC (collectively, the "Entity Defendants") and Isaac Hager a/k/a Issac Hager a/k/a Yitzcher Hager a/k/a Yitzchok Hager a/k/a Yitzchok R. Hager ("Hager") and alleges as follows:

## NATURE OF THE ADVERSARY PROCEEDING

1. This adversary proceeding is brought to avoid certain pre-petition transfers of the Debtor's interest in property to or for the benefit of Defendants, and to recover all sums paid to or for the benefit of Defendants under Bankruptcy Code §§544(b), 548, and 550 and NYDCL §§273-276.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. Section 1334.

3. Venue of this case and this adversary proceeding is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

4. This adversary proceeding is a core proceeding as defined in 28 U.S.C. §§157(b)(1), 157(b)(2)(A), 157(b)(2)(E), and 157(b)(2)(O).

5.     The statutory predicates for the relief sought herein are 11 U.S.C. §§105(A), 548 and 550 and NYDCL §§273-276.

## THE PARTIES

6.     Plaintiff Nat Wasserstein, a citizen of New York, is the Trustee for the Creditor Trust. The Creditor Trust was formed pursuant to the Plan and the Confirmation Order.

7.     Upon information and belief, and at all relevant times mentioned herein, Defendant, 11 Apple LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

8.     Upon information and belief, and at all relevant times mentioned herein, Defendant, 110 Martense LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

9.     Upon information and belief, and at all relevant times mentioned herein, Defendant, 135 Middleton U2L LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

10.    Upon information and belief, and at all relevant times mentioned herein, Defendant, 158 Rogers Note Acquisition LLC, was and is a limited liability company with its headquarters located at 909 Third Avenue, New York, New York 10022.

11.    Upon information and belief, and at all relevant times mentioned herein, Defendant, 159 Broadway 1 LLC, was and is a limited liability company with its headquarters located at 80 State Street, Albany, New York 12207.

12.    Upon information and belief, and at all relevant times mentioned herein, Defendant, 159 Broadway 2 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

13. Upon information and belief, and at all relevant times mentioned herein, Defendant, 159 Broadway LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

14. Upon information and belief, and at all relevant times mentioned herein, Defendant, 159 Broadway Member LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

15. Upon information and belief, and at all relevant times mentioned herein, Defendant, 159 Broadway Mezz LLC, was and is a limited liability company with its headquarters located at 225 Broadway, 32nd Floor, New York, New York 10007.

16. Upon information and belief, and at all relevant times mentioned herein, Defendant, 206 Kent Investor II LLC, was and is a limited liability company with its headquarters located at 275 Huntington Street, Brooklyn, New York 11231.

17. Upon information and belief, and at all relevant times mentioned herein, Defendant, 206 Kent Investor III LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

18. Upon information and belief, and at all relevant times mentioned herein, Defendant, 206 Kent Investor LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

19. Upon information and belief, and at all relevant times mentioned herein, Defendant, 206 Kent Mezz LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

20. Upon information and belief, and at all relevant times mentioned herein, Defendant, 251 E 61 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

21. Upon information and belief, and at all relevant times mentioned herein, Defendant, 255 W 34 T LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

22. Upon information and belief, and at all relevant times mentioned herein, Defendant, 428 Wythe LLC, was and is a limited liability company with its headquarters located at 426 Wythe Avenue, Brooklyn, New York 11249.

23. Upon information and belief, and at all relevant times mentioned herein, Defendant, 502 Wilson LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

24. Upon information and belief, and at all relevant times mentioned herein, Defendant, 730 Lorimer Holdings II LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

25. Upon information and belief, and at all relevant times mentioned herein, Defendant, 931 Carroll LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

26. Upon information and belief, and at all relevant times mentioned herein, Defendant, B&A Marine Co. Inc., was and is a corporation with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

27. Upon information and belief, and at all relevant times mentioned herein, Defendant, Brooklyn Air Conditioning Inc., was and is a corporation with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

28. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell 46 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

29. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell 159 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

30. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell 245-247 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

31. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell 251-247 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

32. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell 251-253 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

33. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell 251253 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

34. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell 257 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

35. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell 259 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

36. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell 46 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

37. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Bedford Holdings LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

38. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Bedford Member DE LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

39. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Crown LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

40. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Keap Holdings LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

41. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Kent Holdings LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

42. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Meeker Holdings LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

43. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Meserole DE LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

44. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Meserole Holdings LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

45. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Myrtle II LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

46. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Mrtyle LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

47. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Realty Management LLC, was and is a limited liability company with its headquarters located at 209 Wallabout Street, 3rd Floor, Brooklyn, New York 11206.

48. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Scholes Holdings LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

49. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell West 34 II LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

50. Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell West 34 Owner LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

51. Upon information and belief, and at all relevant times mentioned herein, Defendant, Hamilton Eastman Meeker Holdings LLC, was and is a limited liability company with its headquarters located at 1368 38th Street, Brooklyn, New York 11219.

52. Upon information and belief, and at all relevant times mentioned herein, Defendant, Meral Meeker LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231 and a mailing address of PO Box 100490, Brooklyn, New York 11210.

53. Upon information and belief, and at all relevant times mentioned herein, Defendant, N1 Acquisition Holdings LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

54. Upon information and belief, and at all relevant times mentioned herein, Defendant, Hager, is a person with a residence located at 209 Wallabout Street, Apartment 3FL, Brooklyn, New York 11206.

## FACTS

The Bankruptcy Case

55. On December 21, 2020 (the "Filing Date"), 159 Broadway Member LLC ("159 Broadway") and its wholly owned subsidiary, the Debtor, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. (the "Court")

56. On May 11, 2022, the First Amended Plan of Liquidation for Debtors (the "Plan") was filed on behalf of the Debtors.

57. On July 7, 2022, the Court entered an order confirming the Plan (the "Confirmation Order").

58. On November 16, 2022, the Plan became effective.

59. Pursuant to the Plan and the Confirmation Order, the Creditor Trust was established and Nat Wasserstein, by and through Lindenwood Associates, LLC, was designated the Trustee of the Creditor Trust.

60. Pursuant to the Plan and the Confirmation Order, certain assets of the Debtor's estate, including the claims asserted herein, were transferred to the Creditor Trust and the Creditor Trust is authorized to prosecute the instant action.

The Debtor

61. The Debtor was the fee owner of the real property known as and located at 159 Broadway, Brooklyn, New York (the "Property"). Prior to the Filing Date, the Debtor was in the process of developing the Property into a 26-story full-service hotel with retail space, and the Debtor estimated that construction was fifteen percent complete as of the Filing Date.

62. At the onset of the COVID-19 pandemic, the Debtor and 159 Broadway were unable to consensually restructure their existing financial obligations. Accordingly, 159 Broadway's secured lender scheduled a sale of 159 Broadway's membership interests in the Debtor pursuant to Article 9 of the Uniform Commercial Code. The Debtor commenced this chapter 11 case prior to such sale.

The Defendants' Insider Relationship with the Debtor

63. Upon information and belief, Defendant Hager, either directly or through entities which he owns and/or controls, is the beneficial owner of the majority of membership interests or shares, as applicable, of each of the Entity Defendants, as well as 159 Broadway and the Debtor.

64. Upon information and belief, at all relevant times Defendant Hager, either directly or through entities which he owns and/or controls, exercised dominion and control over each of the Entity Defendants, as well as 159 Broadway and the Debtor.

65. Upon information and belief, the Entity Defendants do not recognize customary corporate formalities.

66. Upon information and belief, Hager transfers money between the Entity Defendants without regard for the corporate identity of each.

67. Upon information and belief, at all relevant times each of the Entity Defendants, including those with different service addresses on file with the New York State Department of State, as well as 159 Broadway and the Debtor, were all operated out of the same principal place of business at 75 Huntington Street, Brooklyn, New York 11231.

68. Upon information and belief, at all relevant times each of the Entity Defendants shared employees and/or employees of each Entity Defendant performed uncompensated services for other Entity Defendants, 159 Broadway, and the Debtor.

The Transfers

69. Upon information and belief, Hager caused the Debtor to make those transfers of its interest in property (the "Transfers") listed on the attached Schedule A, to or for the benefit of the Defendants:

70. Upon information and belief, the Transfers were made to, or for the benefit of, all Defendants.

71. The Debtor's books and records available to the Trustee do not reflect the receipt of goods and/or services constituting fair consideration or reasonably equivalent value for the Transfer.

72. The Debtor was either insolvent at the times the Transfers were made or was rendered insolvent as a result of the Transfers.

73. At the times the Transfers were made, there existed unsecured creditors of the Debtor who remained unsecured creditors as of the Filing Date.

**First Claim for Relief**
(incorporating all previous allegations)

74. The Transfers were made with the actual intent to hinder, delay or defraud the Debtor's creditors.

75. The Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §276.

76. Based upon the foregoing, the Trustee is entitled to judgment (a) avoiding The Transfers pursuant to New York State Debtor and Creditor Law §276, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Defendants an amount as yet undetermined but which is equal to any and all sums paid by the Debtor to Defendants which amount is, in no event, less

than $7,189,600.00, plus interest thereon, and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-A.

## Second Claim for Relief
(incorporating all previous allegations)

77. The Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §273.

78. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding The Transfers pursuant to New York Debtor and Creditor Law §273, and (b) pursuant to 11 U.S.C. §§550(a) and 551, against Defendants in an amount as yet undetermined but which is equal to any and all sums paid by the Debtor to Defendants which amount is, in no event, less than $7,189,600.00, plus appropriate interest thereon.

## Third Claim for Relief
(incorporating all previous allegations)

79. Upon information and belief, at the time of the Transfers, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its possession after the conveyance was unreasonably small capital.

80. The Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §274.

81. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §274, and (b) pursuant to 11 U.S.C. §§550(a) and 551, against Defendants in an amount as yet undetermined but which is equal to any and all sums paid by the Debtor to Defendants which amount is, in no event, less than $7,189,600.00, plus appropriate interest thereon.

**Fourth Claim For Relief**
(incorporating all previous allegations)

82. Upon information and belief, at the time of the Transfers, the Debtor had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as they matured.

83. The Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §275.

84. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §275, and (b) pursuant to 11 U.S.C. §§550(a) and 551, against Defendants in an amount as yet undetermined but which is equal to any and all sums paid by the Debtor to Defendants which amount is, in no event, less than $7,189,600.00, plus appropriate interest thereon.

**Fifth Claim For Relief**
(incorporating all previous allegations)

85. Certain of the Transfers were made within two (2) years of the Filing Date (the "Two-Year Transfers").

86. The Two-Year Transfers were made with actual intent to hinder, delay or defraud the Debtor's creditors under §548(a)(1)(A) of the Bankruptcy Code.

87. The Two-Year Transfers constitute avoidable transfers pursuant to §548(a)(1)(A) of the Bankruptcy Code. Based upon the foregoing, the Trustee is entitled to a judgment (a) avoiding the Two-Year Transfers, and (ii) pursuant to 11 U.S.C. §§550(a) and 551, against Defendants in an amount as yet undetermined but which is equal to any and all sums paid by the Debtor to Defendants within the two years immediately preceding the Filing Date, which amount is, in no event less than $2,900,000.00, plus appropriate interest thereon.

**Sixth Claim For Relief**
(incorporating all previous allegations)

88. The Debtor received less than reasonably equivalent value in exchange for the Two-Year Transfers under §548(a)(1)(B) of the Bankruptcy Code.

89. Upon information and belief, the Debtor (i) was insolvent on the dates that the Two-Year Transfers were made or became insolvent as a result of the Two-Year Transfers, (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as they matured.

90. The Two-Year Transfers constitute avoidable transfers pursuant to §548 (a)(1)(B) of the Bankruptcy Code. Based upon the foregoing, the Trustee is entitled to a judgment (a) avoiding the Two-Year Transfers, and (ii) pursuant to 11 U.S.C. §§550(a) and 551, against Defendants in an amount as yet undetermined but which is equal to any and all sums paid by the Debtor to Defendants within the two years immediately preceding the Filing Date, which amount is, in no event less than $2,910,000.00, plus appropriate interest thereon.

**Seventh Claim For Relief**
(incorporating all previous allegations)

91. The Transfers to Defendant were impermissible transfers of the Debtor's interest in property. As a result, Defendants were the ultimate beneficiary of the Transfers under circumstances in which Defendants would be unjustly enriched if he were to retain such Transfers since the Debtor's did not receive reasonably equivalent value for such Transfers.

92. As a result, Defendants have been unjustly enriched and may not in equity and good conscience retain the Transfers.

93. By reason of the foregoing, Defendants are liable to the Trustee under New York common law for unjust enrichment in an amount as yet undetermined but which is equal to any

and all sums paid to or received by Defendants which amount is, in no event, less than $7,189,600.00, plus appropriate interest thereon.

**WHEREFORE**, plaintiff Nat Wasserstein, as trustee of the WB Bridge Creditor Trust, demands judgment against Defendants:

(a) against Defendants on his first claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §276, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $7,189,600.00 from Defendant plus appropriate interest thereon and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-a;

(b) against Defendants on his second claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §273, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $7,189,600.00 from Defendant plus appropriate interest thereon;

(c) against Defendants on his third claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §274, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $7,189,600.00 from Defendant plus appropriate interest thereon;

(d) against Defendants on his fourth claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §275, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $7,189,600.00 from Defendant plus appropriate interest thereon;

(e) against Defendants on his fifth claim for relief (a) avoiding the Two-Year Transfers pursuant to 11 U.S.C. §548(a)(1)(A), and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $7,189,600.00 from Defendant plus appropriate interest thereon;

(f) against Defendants on his sixth claim for relief (a) avoiding the Two-Year Transfers pursuant to 11 U.S.C. §548(a)(1)(B), and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $7,189,600.00 from Defendant plus appropriate interest thereon;

(g) against Defendants on his seventh claim for relief for unjust enrichment under New York common law in an amount to be determined at trial, but in no event less than $7,189,600.00 from Defendant plus appropriate interest thereon;

(h) for such other, further and different relief as the Court deems proper.

Dated: December 20, 2022

        SILVERMANACAMPORA LLP
*Counsel to Nat Wasserstein, the Trustee of the WB Bridge Creditor Trust*

By:   */s/ David J. Mahoney*
      David J. Mahoney
      Brian Powers
      Members of the Firm
      100 Jericho Quadrangle, Suite 300
      Jericho, NY 11753
      Telephone: (516) 479-6300

Schedule "A"

| Date of Payment: | Amount: |
|---|---|
| 11/8/2017 | $250,000.00 |
| 11/8/2017 | $80,000.00 |
| 11/8/2017 | $170,000.00 |
| 11/21/2017 | $1,000,000.00 |
| 12/15/2017 | $99,000.00 |
| 12/26/2017 | $48,000.00 |
| 12/26/2017 | $15,000.00 |
| 12/27/2017 | $15,000.00 |
| 1/5/2018 | $50,000.00 |
| 1/9/2018 | $15,000.00 |
| 1/23/2018 | $1,500.00 |
| 2/1/2018 | $25,000.00 |
| 2/8/2018 | $10,000.00 |
| 2/13/2018 | $14,000.00 |
| 3/27/2018 | $20,000.00 |
| 3/28/2018 | $70,000.00 |
| 4/12/2018 | $10,000.00 |
| 5/11/2018 | $800.00 |
| 6/28/2018 | $2,000.00 |
| 7/3/2018 | $500.00 |
| 8/1/2018 | $3,500.00 |
| 8/15/2018 | $4,100.00 |
| 8/17/2018 | $200.00 |
| 9/5/2018 | $1,715,000.00 |
| 9/6/2018 | $575,000.00 |
| 10/1/2018 | $20,000.00 |
| 10/4/2018 | $25,000.00 |
| 10/15/2018 | $20,000.00 |
| 10/30/2018 | $3,000.00 |
| 11/23/2018 | $18,000.00 |
| 12/6/2018 | $10,000.00 |
| 1/11/2019 | $35,000.00 |
| 1/14/2019 | $7,000.00 |
| 1/16/2019 | $12,000.00 |
| 1/16/2019 | $1,800.00 |
| 2/11/2019 | $1,200.00 |
| 3/14/2019 | $6,500.00 |
| 4/3/2019 | $2,000.00 |
| 4/4/2019 | $150.00 |
| 4/9/2019 | $650,000.00 |
| 4/10/2019 | $2,000.00 |
| 4/20/2019 | $172,000.00 |

| | |
|---|---:|
| 5/24/2019 | $5,050.00 |
| 8/26/2019 | $200,000.00 |
| 8/27/2019 | $100,000.00 |
| 9/17/2019 | $7,500.00 |
| 10/7/2019 | $800.00 |
| 11/4/2019 | $500,000.00 |
| 11/4/2019 | $300,000.00 |
| 11/4/2019 | $500,000.00 |
| 11/4/2018 | $300,000.00 |
| 11/7/2019 | $30,000.00 |
| 11/7/2019 | $3,000.00 |
| 12/24/2019 | $15,000.00 |
| 1/3/2020 | $19,000.00 |
| 2/24/2020 | $5,500.00 |
| 3/26/2020 | $4,300.00 |
| 4/7/2020 | $600.00 |
| 4/23/2020 | $2,500.00 |
| 8/13/2020 | $7,150.00 |
| 9/2/2020 | $700.00 |
| 9/2/2020 | $300.00 |
| 10/5/2020 | $7,800.00 |
| 11/25/2020 | $950.00 |
| 1/14/2021 | $100.00 |
| 1/14/2021 | $100.00 |
| **TOTAL** | **$7,189,600.00** |