

**U.S. Department of Justice**
Office of the United States Trustee
*Southern District of New York*

Alexander Hamilton U.S. Custom House
One Bowling Green, Room 534
New York, NY 10004-1408
Phone: (212) 510-0500

April 18, 2023

**Via ECF and Email**
Honorable Sean H. Lane
United States Bankruptcy Court for the
 Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    Re:    **WB Bridge Hotel LLC,** *et al.*
               **Case No. 20-23328 (SHL) (Jointly Administered)**

Dear Judge Lane:

      In accordance with the Court's Memo Endorsed Order dated March 29, 2023, William K. Harrington, the United States Trustee, by his counsel, respectfully submits this letter concerning the motion of Leech Tishman to withdraw as counsel to the Debtors in the above-referenced cases (the "Motion to Withdraw") [ECF No. 190] and the Creditor Trustee's motion to disqualify Leech Tishman (the "Motion to Disqualify) [ECF No. 192] as counsel to defendants Isaac Hager and approximately 35 non-debtor affiliated entities (collectively, the "Defendants") in the adversary proceeding styled *Wasserstein v. 11 Apple LLC,* Adv. Pro. No. 22-07059 (SHL) (the "Adversary Proceeding") [ECF No. 192].

**The Motion to Withdraw**

      The U.S. Trustee takes no position with respect to whether the Court should grant the Motion to Withdraw. However, the U.S. Trustee writes to address Leech Tishman's assertion at the March 23, 2023, hearing (the "Hearing") that the firm filed the Motion to Withdraw as a "prophylactic measure," despite its view that the Court lacked jurisdiction post-confirmation over the discharge of counsel. *See* Transcript of March 23, 2023, Proceedings Before the Honorable Sean H. Lane, United States Bankruptcy Judge [hereinafter, the "Transcript"], at 18:1-10. (A copy of the Transcript is annexed hereto for the Court's convenience). Leech Tishman's assertion is contradicted by the plain language of the Plan and the Confirmation Order, both of which provide the Court with retained jurisdiction. [ECF Nos. 129 and 160].

The flaw in Leech Tishman's argument is that it fails to recognize that the firm (and its predecessor Robinson Brog) were retained as counsel to the Debtors by virtue of this Court's orders approving the firms' retentions pursuant to section 327(a) of the Bankruptcy Code (the "Retention Orders"). [ECF No. 49 and 150]. In this regard, the Confirmation Order provides the Court with retained jurisdiction at paragraph 24 which provides:

> This Court shall retain jurisdiction of this case and ***proceedings or matters therein under the provisions of the Bankruptcy Code***, including, without limitation, Section 1142(b) thereof, and the Federal Rules of Bankruptcy Procedure, to ensure that the intent and the purpose of the Plan is carried out and given effect. ***Without limitation by reason of specification***, this Court shall retain jurisdiction for the purposes set forth in Article 12 of the Plan.

Confirmation Order at ¶ 24. (Emphasis added). Retention of professionals and their discharge constitute matters under the provisions of the Bankruptcy Code.

Similarly, the Plan itself provides the Court with jurisdiction of this matter at Art. 12 which provides in relevant part:

> 12.1 Retention of Jurisdiction. Notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, until the Case is closed, the Bankruptcy Court shall retain and have original, but not exclusive, jurisdiction to:
> ***
> (h) Enter such Orders as may be necessary or appropriate to implement or consummate the provisions of this Plan and all contracts, instruments, releases and other agreements or documents created in connection with the Plan or Disclosure Statement or ***to enforce all orders, judgments, injunctions (including, but not limited to any injunction with respect to Guaranty Claims), and rulings entered in connection with the Case***, including, but not limited to any Order necessary to enforce the provisions of Article 7 of this Plan;

Plan at Art. 12.1.h. (emphasis added).

Because Leech Tishman (and its predecessor Robinson Brog) were retained as counsel to the Debtors by orders of the Court, the Court must likewise enter an order approving their discharge. *See* Local Bankruptcy Rule 2090-1(e) (providing that, "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown.") LBR 2090-1(e).[1]

---

[1] At the Hearing, the Court observed that there was nothing in the record that would alert the Court or any other party that Leech Tishman was no longer providing services to the Debtors as of November 16, 2022, or that the Debtors had formally terminated the firm as counsel on January 25, 2023. Not only is the record devoid of such evidence, but several facts support a reasonable assumption that the Leech Tishman was still representing the

2

**The Motion to Disqualify**

Assuming the Court grants Leech Tishman's Motion to Withdraw, the issue is whether Leech Tishman may represent the Defendants in the Adversary Proceeding that the Creditor Trustee of the WB Bridge Creditor Trust, which trust was formed under the Plan and approved by the Confirmation Order, filed. The Creditor Trustee has creditably alleged that the Defendants are insiders of the Debtors.

Navigating the rules concerning the parameters under which a firm may represent a former client is, as this Court has remarked, complicated. As such, the Court invited the U.S. Trustee to provide his views on this situation. Based on the information of record, it is the view of the U.S. Trustee that Leech Tishman may not represent the Defendants in the Adversary Proceeding.

As set forth in the Motion to Disqualify, the Second Circuit employs a three-part test for determining whether counsel must be disqualified from engaging in a successive representation such as herein.[2] *See* Motion to Disqualify at 11, citing *Hempstead Video*, *infra* at n.1 and 2. It seems clear that the first two parts of the test have been met. First, Leech Tishman represented the Debtors in its bankruptcy proceedings and now seeks to represent insiders of the Debtors. Second, there is a substantial relationship between the Debtors' bankruptcy proceedings and the matters to be addressed in the Adversary Proceedings.

In connection with the third element – that is whether Leech Tishman had access to, or was likely to have had access to, relevant privileged information during its prior representation of the Debtors – it seems more likely than not that it had such information.

First, the U.S. Trustee finds statements that Leech Tishman counsel made at the Hearing to the effect that Leech Tishman lawyers had no communications with the Debtors concerning prepetition transfers to be incredible. If true, then the firm would be admitting that it failed to

---

Debtors including that the Plan provides that the Debtors survive confirmation and continue to operate, the cases are still open and that there has been no application filed seeking a final decree. Further, the scope of services contained in Leech Tishman's retention order includes that the firm will take all steps necessary to consummate a plan. [ECF No. 49]. This notwithstanding that Leech Tishman acknowledged at the Hearing that it was providing services to the Defendants at the same time as it was representing the Debtors by filing the motion to dismiss in the Adversary Proceeding on January 20, 2023. Based upon the record currently before the Court, this appears to be a conflict of interest and a violation of Rule 1.7 of the New York Code of Professional Conduct [hereinafter the "NYCPR"] that provides in pertinent part, "[a] a lawyer shall not represent a client if a reasonable lawyer would conclude . . . the representation will involve the lawyer in representing differing interests …". N.Y. Rules of Prof'l Conduct 1.7(a)(1); *see also Hempstead Video, Inc. v. Vill. of Valley Stream,* 409 F.3d 127, 133 (2d Cir. 2005) (finding that it is "prima facie improper for an attorney to simultaneously represent a client and another party with interests directly adverse to that client.")

[2] The three-part test requires finding that: a. the moving party is a former client of the adverse party's counsel; b. there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party, and the issues in the present lawsuit; and c. the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client. *Hempstead Video*, 409 F.3d at 133.

provide advice and counsel to the Debtors to fulfill its duties and obligations under the Bankruptcy Code and Rules, which require the filing of Statements of Financial Affairs (SOFAs). At a minimum, Official Bankruptcy Form No. 207, Part 2, requires disclosure of prepetition transfers, including payments made within the 90 days prior to the filings and payments to insiders within 1 year of the filing. *See* Debtors' SOFAs at ECF Nos. 18 and 19, at Nos. 3 and 4; *see also* SOFAs Part 6, Nos. 12 and 13 (requiring disclosure of transfers to self-settled trusts within 10 years before the filing and transfers out of the ordinary course made within 2 years of the filing). It would be a dereliction of the Debtors' duties and counsel for the Debtors' duties to not discuss and review prepetition transfers made under these circumstances. In addition, sections 544 and 548 of the Bankruptcy Code permit the Debtors to bring fraudulent transfer actions made within two years of the filing and to bring state law actions for fraudulent conveyances where, for example, the statute of limitations permits the clawback of transfers that occurred four years prior to the filing under New York law.

Second, in its final application for fees, Leech Tishman acknowledges that it seeks fees for preparation of schedules and SOFAs. [ECF No. 135]. In fact, a review of the time records reflects approximately 75-time entries that provide for the preparation, review, amending, conferring and filing the schedules and SOFAs. Thus, counsel's statements are belied by the documentary evidence on file with the Court.

Third, the courts in this circuit do not require a specific showing that confidences were passed to counsel once s substantial relationship between the cases is established. *See, e.g., DeFazio v. Wallis,* 459 F. Supp. 2d 159, 164-65 (E.D.N.Y. 2006) (finding that "where the same individual lawyer participated in the prior and current representation, the movant is not required to make a specific showing that confidences were passed to counsel. Instead, the movant is entitled to the benefit of an irrebuttable presumption that confidences were shared."); *see also Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 740 (2d Cir. 1978).

The Second Circuit has also stated that disqualification is called for only where the conduct tends to taint the underlying trial. *See Bd. of Ed. of City of N.Y. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979) Generally, where, as here, the three-part test is satisfied, trial taint is established, and no further analysis is necessary. *See Hempstead Video,* 409 F.3d at 133. The Second Circuit has also found that even if the test is not satisfied, counsel may still be disqualified if the record supports a finding of disqualifying taint – which the current record does. *See id.*

As noted above, by representing both the Debtors and the Defendants concurrently by its own admission, it appears that Leech Tishman may have violated Rule 1.7 of the NYCPR. Loyalty and independent judgment are hallmarks of the Rule 1.7. *See* Comments to Rule NYCPR. Moreover, the broad disclosures required to establish disinterestedness, a central tenet to retention in bankruptcy cases, similarly support the promotion and importance of the fiduciary duties that debtors owe to the estate and its creditors and the fiduciary duties that counsel owes to the estate. The requirements of the Bankruptcy Code and Rules are in place to insure the public's confidence and faith in the bankruptcy system.

Here, not only may Leech Tishman have violated Rule 1.7 of the NYCPR, but it may also have violated Rule 1.9 - Duties to Former Clients which provides in relevant part:

> a. A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
>
> b. Unless the former client gives informed consent, confirmed in writing, a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:
>
>     i. Whose interests are material adverse to that person; and
>     ii. About whom the lawyer had acquired information protected by Rules 1.6 or paragraph (c) of this Rule that is material to the matter
>
> c. A lawyer who has formerly represented a client in a matter or whose present or firmer firm has formerly represented a client in a matter shall not thereafter:
>
>     i. Use confidential information of the former client protected by Rule 1.6 to the disadvantage of the former client, except as these Rules would permit or require with respect to a current client or when the information has become generally known;
>     ii. Reveal confidential information of the former client protected by Rule 1.6 except as these Rules would permit or require with respect to a current client.

NY Rules of Prof'l Conduct 1.9.

Based upon all the facts set forth herein, in the Motion to Disqualify, facts adduced at the Hearing and the record as it stands as of this writing, it appears that Leech Tishman may have similarly violated Rule 1.9 of the NYCPR. Counsel for debtors in chapter 11 cases should not be permitted to switch sides once a case has been confirmed or goes effective. To permit such to occur in these cases and others would not only violate the authorities set forth herein but may create a precedent whereby counsel for debtors are disinclined to diligently meet their fiduciary duties while representing the debtors to preserve other potential opportunities to represent other parties in the cases, such as defending debtor's management and other insiders in post-confirmation litigation. For all these reasons, the U.S. Trustee respectfully expresses his view

based upon the record before this Court that Leach Tishman not be permitted to represent the Debtors in the Adversary Proceeding.

                                              Respectfully submitted,

                                              WILLIAM K. HARRINGTON
                                              UNITED STATES TRUSTEE
                                              By  *Andrea B. Schwartz*
                                                     Andrea B. Schwartz
                                                     Trial Attorney

cc:    Fred Ringel, Esq.
       David Mahoney, Esq.